Logan et als. vs. Parish of Ouachita et als.

No. 13,951.

I. D. V. LOGAN ET ALS. VS. PARISH OF OUACHITA ET. ALS.

SYLLABUS.

Article 291 of the Constitution of Louisiana providing, as follows: "Other taxes
" may be levied by the Police Juries for road and bridge purposes, not to ex-
" ceed five mills for five years on the property of the parish, or any ward
" thereof, where the rate of taxation and the purpose thereof shall have
" been submitted to the property tax-payers of said ward or parish entitled
" to vote under the election laws of the State, and a majority in numbers and
" value of those voting at said election shall have voted in favor thereof," is
self-operative, and an enabling act by the Legislature is not needed to enable
the Police Juries to proceed to hold an election to take the sense of the tax-
payers on the question of the levy of the tax in question.

APPEAL from the Sixth Judicial District, Parish of Ouachita—
Hall, J.

Stubbs & Russell, for Plaintiffs, Appellants.

William Francis Millsaps, for Defendants, Appellees.

The opinion of the court was delivered by
PROVOSTY, J. Article 291 of the Constitution is as follows:

"PUBLIC ROADS.

"The Police Juries of this State may form their respective parishes
" into road districts; and in order to raise funds for the purpose of con-
" structing, mantaining and repairing the public roads and bridges of
" their parishes, they are authorized to set aside at least one mill per
" annum of the taxes levied by them, and to impose a per capita tax of
" not more than one dollar per annum upon each able-bodied male
" inhabitant of the parish between the ages of eighteen and fifty-five
" years, and to levy an annual license of not less than twenty-five cents,
" nor more than one dollar per annum upon each vehicle, including
" bicycles kept and used for locomotion over public roads, in their re-
" spective parishes; which license may be graduated. The provisions
" of this article relative to the per capita tax shall not be operative in
" incorporated towns and cities that maintain their own streets.
" To carry into effect the provisions of this article the Police Jury

"may enact such ordinances of a civil nature as may be necessary to
"enforce the property and license tax, and of a criminal nature to
"enforce the *per capita* tax.  Other taxes may be levied by the Police
"Juries for road and bridge purposes, not to exceed five mills for five
"years on the property of the parish, or any ward thereof, where the
"rate of taxation and the purpose thereof shall have been submitted to.
"the property tax-payers of said ward or parish entitled to vote under
"the election laws of the State, and a majority in numbers and value
"of those voting at said election shall have voted in favor thereof."

Under this article the Police Jury of the Parish of Ouachita levied
a tax of three mills; and the plaintiff has enjoined the collection of this
tax, on the ground that the said article is not self-operative, and that
no enabling act has been passed by the legislature putting it into opera-
tion.

It being conceded that no enabling act has been passed by the legisla-
ture, the case reduces itself to the question whether Article 291 is self-
operative.  The article is one of four found to themselves in a division
of the Constitution, under the caption "Public Roads."  The four arti-
cles are evidently companion articles, parts of one piece of legislation.
On the face of this piece of legislation, as a whole, is plainly written
the intention of the framers of our Constitution to devise a scheme for
the improvement of the public roads, and to put the whole matter in
charge of the Police Juries with full and ample powers in the premises.
Such being the plain intention, and the end being the promotion of
important and beneficial public objects, it is proper to give to the legis-
lation a construction liberal and large.  Walcott vs. Pond, 19 Conn. 597.

Self-operativeness has unquestionably been accorded to three of these
four companion articles; why should it have been withheld from the
fourth?  As to two of the three different taxes authorized by the article,
not only is legislative assistance not needed, but legislative interference
is by implication prohibited; why, then, should legislative aid be needed
as to the third tax?  As to two of these three taxes, there is conferred
on the Police Juries most unusual and extraordinary powers of legisla-
tion.  The provision reads as follows: "To carry into effect the pro-
visions of this article the Police Juries may enact such ordinances of a
civil nature as may be necessary to enforce the property and license tax,
and of a criminal nature to enforce the *per capita* tax."  Why, then,
after this, should there have been withheld from the Police Juries as to
the third tax the power to regulate matters of mere detail?

We shall adopt no such construction. As to this third tax all essentials are fully provided for. Power to levy the tax is conferred. The assessment and collection of the tax are fully provided for by the general tax laws of the State. The manner of consulting the tax-payers is provided for sufficiently by the specification that it shall be by an election. The qualification of the voters is defined; and what shall constitute a majority for the purpose of carrying the tax is determined. These comprise all the essentials. The manner of holding the election could well be left to the discretion of the Police Juries. An election means a fair election, and what shall constitute a fair election is not a matter needing to be expounded by statute, so that any abuse on the part of the Police Jury of the discretion confided to it in the premises could easily be righted by the courts.

Judgment affirmed.