*In re* INITIATIVE PETITION NO. 3. OTHERWISE
KNOWN AS THE "WOMAN'S SUFFRAGE PETITION."

No. 1370.   Opinion Filed May 31, 1910.

(109 Pac. 732.)

1.   **INITIATIVE AND REFERENDUM—Protest to Petition—Review
     —Record.** An order of the Secretary of State holding an in-
     itiative petition, filed with him under the provisions of the in-
     itiative and referendum, to sufficiently comply with the require-
     ments of the law, will not be reviewed here, when such petition
     is not made a part of the record in this court.

     (a) It must affirmatively appear that the action of the
     Secretary of State was erroneous before this court will disturb
     same; the presumption of law being in his favor.

2.   **SAME—Continuance of Hearing—Discretion.** The action of the
     Secretary of State in overruling appellant's motion for a con-
     tinuance will not be disturbed on review here unless it affirm-
     atively appears that he abused his discretion.

     (a) Such does not affirmatively appear in this case from
     the record before us.

3.   **SAME—Sufficiency of Petition—Evidence— Presumptions.** The
     appellant having alleged in his protest that the petition was
     signed by a less number of legal voters than is required by
     law, no evidence being in the record to sustain such allegation,
     the decision of the Secretary of State thereon is presumed here
     to be correct.

(Syllabus by the Court.)

*Appeal from Order of Secretary of State.*

Objections of Reuben M. Roddie in the matter of the initia-
tive petition No. 3, otherwise known as the "Woman's Suffrage
Petition." From a decision of the Secretary of State, he appeals.
Affirmed.

Prior to the 24th day of January, 1910, but on what particu-
lar date is not shown, Reuben M. Roddie, Esq., therein styled as
protestor and objector, filed his objections and protest in the mat-
ter of the initiative petition No. 3, state question No. 8, theretofore
filed with the Secretary of State, wherein he alleged (1) that he is
a citizen and lawful voter of Ada in the county of Pontotoc in the

state of Oklahoma, and (2) that the intended initiative petition
No. 3, offered for filing in the office of Secretary of the State of
Oklahoma for the purpose of initiating a proposition to amend
section 1 of article 3 of the Constitution of the state of Oklahoma,
by striking therefrom the word "male", is insufficient, in that it
has not a sufficient number of legal voters signed thereto to initiate
a proposition to amend the Constitution, as provided; that the said
pretended petition is not signed by a sufficient number of legal vot-
ers to initiate a proposition to amend the Constitution, and that
more than 5,000 of the names attached to said pretended initiative
petition are not legal voters of the state of Oklahoma, or of any
precinct therein; that more than 25 per cent. of the signatures at-
tached to the said pretended initiative petition were not signed by
the persons whose names such signatures purported to be, but were
signed by other persons, and the authority for such signatures does
not appear attached to said petition or otherwise; that the said
pretended initiative petitions are not, and when offered for filing
were not, in the form prescribed by law; that said proposed amend-
ment was not set forth as a part of the petition to the Governor of
the state of Oklahoma, as required by law, and the said petition to
which signatures are attached did not have set forth therein the
said proposed amendment; that one of the pretended pamphlets to
which signatures were attached is hereto attached, marked for
identification "Exhibit A," is referred to and made a part of this
protest; that said proposed amendment did not have attached
thereto the signatures of any legal voters of the state of Oklahoma,
or of any precinct therein. For the reasons aforesaid, Reuben M.
Roddie protests against the sufficiency of said pretended initiative
petition and objects to an election being called thereunder, and
asks that a time be set by the honorable Secretary of State of the
state of Oklahoma for a hearing on said petition, and this his pro-
test and objections to said pretended initiative petition. Said peti-
tion was duly verified.

On January 24, 1910, an answer was filed, the body of which
is in words and figures as follows:

"Comes now the petitioners in the above matter, and for answer to said remonstrance deny each and every allegation therein and demand strict proof thereof. [Signed] J. Luther Langston."

Said answer was supported by an affidavit, the body of which is in words and figures as follows:

"We whose names are hereto set, each being duly sworn or affirmed, each on oath for themselves declare, that each one of said affiants, were actively engaged in the circulation of the petitions referred to in the socalled affidavit of Reuben M. Roddie, and the management of the work of getting signatures to said petitions, and we are not informed, but from such work and management thereof and that we can say and do that the frauds charged in said protest are not true, and we know that the greatest care was taken to avoid all possible fraud and signing of said petitions by any persons, other than fully qualified voters, of the state of Oklahoma, and we are each one of us well qualified to know whereof we testify. Odelia G. Stephens. Anna Laskey. Edith Barber. Ruth A. Gay. Subscribed and sworn to before me on this the 22d day of Jan. 1910."

On January 25, 1910, a motion to dismiss said protest was filed with the Secretary of State, the body of which is in words and figures as follows:

"Comes now, the petitioner, in the above-entitled matter, and moves the honorable Secretary of State to dismiss the objections and protests to initiative petition No. 3, state question No. 8, filed by Reuben M. Roddie on Jan. 11th, 1910, and to take such action in the premises as the law requires and as prayed for in the petition and for reasons state: (1) The said remonstrance and objection is insufficient in law to warrant the granting of the relief prayed for. (2) That said remonstrance and objection is not verified, as required by law. (3) That, no bond for costs has been offered or filed in the office of the Secretary of State by the objector. (4) That said remonstrance does not state facts sufficient to warrant the honorable Secretary in granting relief prayed for. (5) That said petition on its face shows that the petitioners are entitled to have said question certified to the Governor and placed upon the official ballot to be submitted to the electors of the state. [Signed] J. Luther Langston, for Petitioners."

Thereafter an application for continuance was filed by the said Reuben M. Roddie, the record reciting:

"After the answer was withdrawn and the motion to dismiss was filed, remonstrator excepted to the filing of the motion in the following language: 'The remonstrator to the petition excepts to the action of the Secretary of State permitting the petitioners to file a demurrer after filing the denial.' And, the Secretary of State having overruled the exception, said remonstrator then, in the presence of the Secretary, dictated to the stenographer the following application for a continuance: 'Comes now the remonstrator and moves the Secretary to grant a continuance in this case for the reason that the filing of this demurrer is a surprise to the remonstrator, since it has just been filed after the withdrawal of the general denial and raises a law question that the remonstrator will not have time to prepare himself to meet, while the general denial raised only the question of fact.' Thereupon the Secretary of State overruled a motion for a continuance and at the same time rendered his opinion in favor of the petitioners, which judgment is fully set out in this record, and to which action the remonstrator excepted and in the presence of the Secretary dictated to the stenographer his exception as follows: 'To all of which the remonstrator objects and excepts for the reason that he has been denied the right to bring forth any law to show the Secretary of State why the remonstrance filed is sufficient and good grounds upon which to reject these petitions, and further he has been denied the right to offer evidence to sustain his contention in this case. His motion for a continuance having been overruled and this opinion rendered without entering into this case, the case having been decided when there was no question before the Secretary save the motion for a continuance.' "

The remonstrator was given five days in which to take his appeal. The judgment rendered by the Secretary on January 25, 1910, is in words and figures as follows:

"This day is set for the hearing of the remonstrance of Senator Roddie to the initiated petition on state question No. 8, otherwise known as the 'suffrage petition.' The petitioners are present by J. Luther Langston, and their attorneys, and the remonstrator, Hon. Reuben Roddie, is present in person. The petitioners asked leave to withdraw their verified reply or answer to the remonstrance and to file in its stead a motion to dismiss the remonstrance

and, after hearing arguments of counsel, it is ordered that the request be granted and the verified reply or answer of the petitioners filed January 24, 1910, is now withdrawn, and a motion to dismiss the remonstrance is filed by the petitioners. The remonstrator now asks for a continuance in order to prepare his case for the hearing, but filed no written application for the same. This application for a continuance is opposed by the petitioners, and the matter is fully argued to the Secretary. And the Secretary desiring to be further informed on the subject and to have time to consider the same further does now adjourn the hearing until 2 o'clock p. m. of this day. The hour of 2 o'clock p. m. having arrived, the above entitled matter is up for determination. The Secretary being fully advised in the premises finds: That the petition containing 28,543 names, duly verified and in due form, was filed in this office on the 6th day of January, 1910, and that in strict conformity to law the names were detached and have been bound into eight volumes. That on the 11th day of January, 1910, the remonstrator filed his objections to the sufficiency of said petition, and the hearing on the same was set for this day. That all of the parties in interest are before me at this time, and being fully advised, I find that the application for a continuance should be and the same is hereby overruled and denied, and I further find that, under the laws and the Constitution of the state, it is my duty to decide upon the sufficiency of the petition, and having ascertained that there are more than enough signers on said petition as determined by the votes cast at the last general election, and that said petition is in conformity to the requirements of law, and that the remonstrance is insufficient in law, and that the remonstrator is not ready to prove the allegations in said remonstrance contained, although this is the date heretofore regularly set for the hearing, and all and singular being fully satisfied, as to the legality and sufficiency of said petition, I do hereby decide that the said petition is in due form of law and amply sufficient in all things, and that the said question thereby proposed should be certified to the Governor to the end that the same may be submitted to the electors of the state as is provided by law. I therefore decide that the petition is sufficient, and that the remonstrance is insufficient in law to entitle it to any further consideration, inasmuch as no proof has been submitted and the continuance has been denied. Let the remonstrance therefore be dismissed, and let the petition stand as suffici-

ent and let the proposed amendment be certified to the Governor, as provided by law."

Then follows the certificate of the Secretary under the seal of the state, in words and figures as follows, to wit:

"I, Bill Cross, Secretary of State, do hereby certify that the above and foregoing is a true and complete transcript of the record and proceedings pertaining to the objections and protest against the acceptance of initiative petition No. 3, state question No. 8, on file in my office."

There does not appear in the record a copy of the pamphlet to which signatures were attached and referred to in the protest as "Exhibit A."

*Ledbetter, Stuart & Bell* and *Reuben M. Roddie,* for appellant.

*J. L. Brown* and *Patrick Nagle,* for appellees.

WILLIAMS, J. (after stating the facts as above.) The first Legislature after the erection of the state passed an act entitled "an Act to provide for the carrying into effect the initiative and referendum powers reserved by the people in articles five and eighteen of the Constitution of the state of Oklahoma, to regulate elections thereunder, and to punish violations of this act." Section 6, art. 1, c. 44, of said act (Sess. Laws 1907-08, p. 444) provides:

"Whenever an initiative petition or referendum petition shall be filed with the Secretary of State, he shall at once proceed to examine into its sufficiency. If any one desires to appear for or against it he shall receive testimony and arguments. Whenever such petition applies to a measure upon which the initiative or the referendum is invoked for the state at large, his decision may be appealed from to the Supreme Court of the state, and the case shall have precedence over all others. If the court is adjourned it shall be immediately convened. In all other cases said appeal shall be to the district court of any county in which a petition was circulated, and said district ocurt may hear and determine same, in term time or vacation. The appellants shall serve upon the Secretary of State written notice of appeal, and said Secretary of State shall thereupon transmit to the clerk of the court such of

the original papers and documents in the case as may be specified by the appellant or appellee. In case the court shall decide the petition is insufficient it shall state in what respect it is insufficient and return the petition to the committee of petitioners for correction, which corrections may be made and the petition returned to the Secretary of State within five days, and when so corrected and returned, the petition shall be considered filed as of the date that the original petition was presented for filing. No objection to the sufficiency of any petition shall be considered unless the same shall have been made in writing and filed within five days after the filing of the petition."

The validity of said act not being challenged by either party to this proceeding, for the purposes of this case we assume that an appeal will lie from the action of the Secretary of State to this court.

There is no suggestion made by counsel on either side as to any insufficiency of the record before us, though there is contained therein neither the original nor any copy of the initiative petitions presented for filing or of the pamphlets. The Secretary of State having in substance held that the amendment as proposed was in strict compliance with the law, such order, nothing appearing in the record to the contrary, is presumed here to be without error.

As to the motion for a continuance, it was neither verified nor does it contain the necessary statement as to diligence and other facts to entitle the protestant to a continuance. In overruling this motion, the discretion of the Secretary of State is not shown to have been abused to the prejudice of appellant. The allegations of the protestant that said petitions were not signed by a sufficient number of legal voters, and that more than 5,000 of the names attached thereto were not legal voters of this state or any precinct therein, fall for the lack of any evidence being introduced to sustain the same.

It follows that the order of the Secretary of State is affirmed.

All the Justices concur.