## *In re* INITIATIVE STATE QUESTION NO. 10.

### No. 1784.   Opinion Filed June 22, 1910.

#### (110 Pac. 647.)

1.   **STATUTES—Time of Taking Effect—Provisions Relating to Initiative and Referendum.** Senate Bill No. 126 (Sess. Laws 1910, pp. 121-127, c. 66), styled, "An act carrying into effect provisions relating to the initiative and referendum; prescribing the method of procedure for submitting and voting for proposed amendments to the Constitution and other propositions, and prescribing the method of appeal from petitions filed or from the ballot title; repealing sections 6, 7, and 16 of article one, chapter forty-four of the session Laws of Oklahoma, 1907-08," approved by the Governor on March 17, 1910, became effective on that date.

2.   **INITIATIVE AND REFERENDUM—Initiative Petition—Hearing on Notice of Protest.** The written notice to the Secretary of State and to the party or parties who filed the initiative petition, embodying a protest against said petition, having been filed with the Secretary of State, it becomes his duty then and there to fix a day not sooner than five days thereafter in which to hear the same, and it is not essential that such notice be served otherwise upon the party or parties filing said initiative petition.

3.   **SAME—Continuance of Hearing—Discretion—Review.** The action of the Secretary of State in overruling a motion for continuance will not be disturbed on review here unless it affirmatively appears that he abused his discretion.

4.   **SAME—Validity of Initiative Measure—Power of Secretary of State to Decide.** The constitutionality or validity of a proposed or initiated measure cannot be determined on a hearing before the Secretary of State.

(Syllabus by the Court.)

*Appeal from Order of the Secretary of State.*

In the matter of Initiative State Question No. 10.   From an order of the Secretary of State, there was an appeal.   Affirmed.

*W. H. Chappell* and *P. S. Nagle,* for appellants.
*A. C. Cruce* and *Fred P. Branson,* for appellees.

WILLIAMS, J. 1. In order to dispose of this case, it is essential to determine whether Senate Bill No. 126 (chapter 66, Sess. Laws 1910, pp. 121-127), styled, "An act carrying into effect provisions relating to the initiative and referendum; prescribing the method of procedure for submitting and voting for proposed amendments to the Constitution and other propositions, and prescribing the method of appeal from petitions filed or from the ballot title; repealing sections 6, 7, and 16 of article one, chapter forty-four of the Session Laws of Oklahoma, 1907-8," is now in force, so as to apply to this proceeding. Sections 6, 7, 16, art. 1, c. 44, Sess. Laws 1907-08, relate to the sufficiency of initiative and referendum petitions, right of appeal, speedy trial assured, title, and the canvass and return of the votes cast on initiative and referendum measures. Section 58 of article 5 of the Constitution of Oklahoma provides:

"No act shall take effect until ninety days after the adjournment of the session at which it was passed, except enactments for carrying into effect provisions relating to the initiative and referendum. * * * *"

In *Re Norris et al. v. Cross, Secretary of State,* 25 Okla. 287, 105 Pac. 1000, it is said:

"The word 'enactment,' as used in the saving clause, is synonymous with the word 'act.' It is to be noted that the language of this clause excepts only 'enactments,' and not 'enactments or parts of enactments,' putting in force the initiative and referendum provisions of the Constitution. The word 'act,' as used in the general enacting clause of section 58, means a bill passed by the Legislature, as to which all of the formalities required to make it a law have been performed, and refers to the entire statute enacted, and we think that the matters excepted from the general clause were of the same character, and it was intended to except the whole statute passed as one act for the purpose of putting in force the initiative and referendum provisions, and that it was not intended that a bill, whose object and purpose was other than mentioned in the saving clause, should be included because it contains some clause or section that incidentally or directly relates to the initiative and referendum provisions. Senate Bill No. 179 consists of

70 or more sections, only 4 of which deal directly with the initiative and referendum. All the other sections pertain to matters, any law upon which it was unquestionably the intention of the framers of the Constitution, and the people who adopted it, should not become effective until 90 days after the adjournment of the session of the Legislature at which it was passed, unless passed as an emergency measure, and that the people should have the right of referendum thereon. To give the saving clause the construction that any act containing a clause or provision that relates to the initiative and referendum becomes effective immediately, and is concluded and cannot be referred, would open the door for making numerous acts effective at once, and preventing the referendum thereon, that were not intended by the Constitution to be made effective until 90 days after the adjournment of the session at which they were passed, unless the emergency clause should be attached. A construction which is so in conflict with the purpose and spirit of the other section of the Constitution relative to the referendum should not be given to this clause, but the strict construction should be applied. We therefore hold that only acts whose sole purpose is to put in force the initiative and referendum provisions are included within the clause of section 58, reading: 'Except enactments for carrying into effect provisions relating to the initiative and referendum.' An act passed only for the purpose of putting in force the initiative and referendum provisions, or a general appropriation bill, becomes operative upon the completion of all the formalities required by the Constitution for its enactment, if it contains no provision, and there exists no general statute, fixing the time when the same shall become effective, and such act is not subject to the referendum, and can be destroyed only by a measure repealing the same, initiated and adopted by the people or enacted by the Legislature."

The exception here is *enactments* (not the first enactment or one enactment) for carrying into effect provisions relating to the initiative and referendum. The entire enactment or act (Senate Bill No. 126, *supra*) relates only to such provisions, including constitutional amendments by means of the initiative and referendum. The initiative and referendum provisions of the Constitution both as to legislation and constitutional amendments not being self-enforcing (*Ex parte Wagner*, 21 Okla. 33, 95 Pac. 435),

this procedure for amendments thereunder is valid. *State v. Shields,* 4 Mo. App. 259. It follows that Senate Bill No. 126, carrying into effect provisions relating to the initiative and referendum, approved by the Governor on March 17, 1910, became effective on that date.

2. Section 2, c. 66, p. 121, Sess. Laws 1910, provides:

"When such original petition is filed in said office it shall be the duty of the Secretary of State to forthwith cause to be published in at least one newspaper of general circulation within the state, a notice setting forth the date of such filing. Any citizen of the state may, within ten days, by written notice to the Secretary of State and to the party or parties who filed such petition, protest against the same, whereupon the Secretary of State shall fix a day, not sooner than five days thereafter, at which he will hear testimony and argument for and against the sufficiency of such petition. A protest filed by anyone hereunder may, if abandoned by the party filing same, be revived within five days by any other citizen."

This section nowhere requires the written notice to be personally served upon the Secretary of State and the party or parties filing the initiative petition; the exact language being that "any citizen * * * by written notice to the Secretary of State and to the party or parties who filed such petition" may protest against the same, whereupon (immediately thereafter) the Secretary of State shall fix a day for hearing. When this written notice constituting a protest is lodged with the Secretary of State, that is notice to all parties in interest. The publication by the Secretary of State in at least one newspaper of general circulation of the filing of such petition and the filing of the written notice to the Secretary of State and the party or parties who file the petition in the form of a protest with the Secretary of State are essential acts, but when these requirements are met, every act has been performed that is necessary in order for the Secretary of State to set the day for hearing, and all parties thereto, without further notice, are charged with knowledge or notice of his orders. If notice was to be served in person upon the party or parties filing

the initiative petition before the setting of a day for hearing the protest was essential, such notice must be served within 10 days. And if such service could not be obtained in 10 days, the right to protest would fail. Such, we think, was not the intention, but the filing of the same with the Secretary of State within 10 days after the publication of notice of the filing of the initiative petition was *ipso facto* notice to all parties in interest.

3. On the part of the protestants represented by W. H. Chappell, Esq., and by P. S. Nagle, Esq., (no appeal having been prosecuted by the protestant represented by the Honorable John H. Burford), no sufficient showing was made for a continuance; it not appearing that any specific proof would be available at any future hearing to show that any of the signatures to the petitions were not genuine or procured by fraud, or that they were not signed by qualified electors. The petition contained the required number of signatures. In the matter of the objections and protest against the initiative state question No. 8, otherwise known as the "Woman's Suffrage Proposition" (decided by this court on May 31, 1910), *infra,* 109 Pac. 732, it was said:

"As to the motion for a continuance, it was neither verified nor does it contain the necessary averments as to diligence and other facts to entitle the protestant to a continuance. In overruling this motion, the discretion by the Secretary of State is not shown to have been abused to the prejudice of appellant."

The same condition exists in this case. The action of the Secretary of State in overruling a motion for a continuance will not be disturbed on review here unless it affirmatively appears that he abused his discretion.

4. In this case the constitutionality or validity of the proposed measure was sought to be challenged in the hearing before the Secretary of State. That such cannot be done has been settled by this court in the cases of *Threadgill et al. v. Cross,* 109 Pac. 558, and *In re Initiative Petition No. 2,* otherwise known

as the "New Jerusalem Proposition" (recently decided by this court), *infra,* 109 Pac. 823.

The order of the Secretary of State is affirmed

All the Justices concur.