## LOWTHER v. NISSLEY, *Mayor of City of Guthrie.*

No. 4954.. Opinion Filed July 29, 1913.

Rehearing Denied September 24, 1913.

(135 Pac. 3.)

**MUNICIPAL CORPORATIONS—Initiative and Referendum—Execution of Reserved Powers — Officers.** The city of' G. having framed a charter by virtue of sections 3a and 3b (sections 329 and 330, Williams' Ann. Const., Okla.) of article 18 of the Constitution of this state, said charter not providing for the manner of the exercise of the initiative and referendum powers reserved by the Constitution to the whole people of such city as to its municipal legislation or amendments to its charter for its own government, section 3388, Rev. Laws 1910, which provides that in such cases the duties required of the Governor and Secretary of State, relative to the manner of exercising the initiative and referendum powers reserved by the Constitution to the whole people of the state, as to state legislation, shall be performed as to such municipal legislation by the chief executive and the chief clerk, and the duties required of the Attorney General shall be performed by the attorney for such municipality, etc., applies to such city and is valid.

(Syllabus by the Court.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by E. S. Lowther against J. E. Nissley, Mayor of the City of Guthrie. Judgment for defendant, and plaintiff brings error. Affirmed.

*T. C. Whitley* and *McGuire & Smith,* for plaintiff in error.
*Tibbetts & Green* and *C. G. Hornor,* for defendant in error.

WILLIAMS, J. The question essential to be determined in this case is as to whether, where cities having a population of over 2,000 inhabitants, having adopted a charter for its own government, under the provision of article 18 of the Constitution, without providing in said charter for the manner of

exercising the initiative and referendum powers reserved by the Constitution to the people of such city as to municipal matters or the purpose of amending such charter, section 3388, Rev. Laws 1910, applies. It is in words and figures as follows:

"In all cities, counties and other municipalities which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers reserved by the Constitution to the whole people thereof, as to their municipal legislation, the duties required of the Governor and Secretary of State, by this chapter, as to state legislation, shall be performed as to such municipal legislation by the chief executive and the chief clerk; and the duties required by this chapter of the Attorney General shall be performed by the attorney for the county, district or other municipality. The provisions of this chapter, including those relating to preparation of arguments, shall apply to every city and town in all matters concerning the operation of the initiative and referendum in its municipal legislation on which such city or town has not made or does not make conflicting provisions. The printing and binding of measures and their distribution shall be paid for by the city in like manner as payment is provided for by the state as to state legislation by this chapter, except that delivery shall not be less than eight days before the election at which the measures are to be voted upon. The arguments shall be completed not less than twelve days before the election at which they are to be voted upon. The procedure in municipal legislation shall be, as nearly as practicable, the same as the initiative and referendum procedure for measures relating to the people of the state at large."

In *Ex Parte Wagner*, 21 Okla. 33, 95 Pac. 435, 18 Ann. Cas. 197, it was held:

"(1) The initiative and referendum provisions in the Constitution (article 5, secs. 1, 2, 3, 4, 5, and article 18, secs. 4, 5) are not in conflict with the Constitution of the United States (section 4, art. 4), guaranteeing to every state a republican form of government. (2) Said provisions as contained therein are not self executing but are made effective by an act of the Legislature approved April 16, 1908. (3) Until said provisions were made effective by legislation, a

petition for a referendum filed with the chief executive officer of a municipality of the first class was of no effect."

In the opinion it is said:

"In said section 17 (section 3388, Rev. Laws 1910), it is provided that in all cities, counties, and other municipalities which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers reserved by the Constitution to the whole people thereof, as to their municipal legislation, the duties required of the Governor and Secretary of State by this act as to state legislation, shall be performed as to such municipal legislation by the chief executive and the chief clerk of such municipality. * * * Section 3, art. 5, Const. (Bunn's Ed. par. 55), relating to the initiative and referendum provision, provides that 'the Legislature shall make suitable provision, for carrying into effect the provisions of this artlcie.' This especially indicates that it was not the intention of the constitutional convention that said articles should become effective until made so by act of the Legislature. * * * It is evident that if the provisions of article 5, relating to the initiative and referendum, were not self-executing on December 18, 1907, that section 4, art. 18, was also not self-executing, and it results as a matter of course that the petition demanding a referendum vote on the ordinance, filed with the mayor of the city of Kingfisher on the 18th day of December, A. D. 1907, was without effect and did not operate to supersede or suspend any ordinance."

Section 4a, art. 18, provides:

"The powers of the initiative and referendum, reserved by this Constitution to the people of the state and the respective counties and districts therein, are hereby reserved to the people of every municipal corporation now existing or which shall hereafter be created within this state, with reference to all legislative authority which it may exercise, and amendments to charters for its own government in accordance with the provisions of this Constitution."

Section 5, art. 5 (section 55, Williams' Ann. Const. Okla.), also provides:

"The powers of the initiative and referendum reserved to the people by this Constitution for the state at large, are hereby further reserved to the legal voters of every county and district therein, as to all local legislation, or action, in

the administration of county and district government in and for their respective counties and districts."

In *Mayor and Councilmen of City of Pawnee v. Pawhuska Oil & Gas Co. et al.,* 28 Okla. 563, 115 Pac. 353, section 2 of the syllabus is as follows:

"Sections 17, 18 and 19, art. 1, c. 44, Sess. Laws 1907-08, vitalized the initiative and referendum provisions of article 18 of the Constitution of this state.'

In the opinion it is said:

"Keeping in mind the well-known rule of construction that the meaning of the several provisions of an act are to be determined in the light of its context, including the title, it is clear that articles 5 and 18 of the Constitution, as supplemented by the provisions of said act, are enforceable. That portion of section 17, *supra,* which provides that the duties required by the Governor and Secretary of State by this act, as to state legislation (article 5, sec. 3, Const.), shall be performed as to such municipal legislation by the chief executive and the chief clerk thereof, harmonizes with the provisions of sections 4b and 5b of article 18 of the Constitution. There appears to be no attempt to require such petition to be filed with the city clerk instead of the mayor.   *   *   *   The duty of filing the petition as to state legislation with the Secretary of State, or mayor as to municipal legislation, rests upon the petitioners or their representatives. But if such appeared to be the reasonable construction of section 17, *supra,* that it was intended that such petition should be filed with the city clerk instead of the mayor, that part of said section thereby conflicting with sections 4b and 5b, art. 18, Const., would fall. The remaining portions of sections 17, 18, etc., would still stand and apply."

These syllabi are to be interpreted in the light of the body of the opinions. *Ex parte Wagoner, supra,* to the effect that the provisions under consideration in that case were not self-executing, has been followed in the following cases: *Norris et al. v. Cross,* 25 Okla. 287, 105 Pac. 1000; *Threadgill v. Cross,* 26 Okla. 403, 109 Pac. 558, 138 Am. St. Rep. 964; *In re Initiative State Question No. 10,* 26 Okla. 554, 110 Pac. 647; *Atwater v. Hassett,* 27 Okla. 292, 111 Pac. 802.

Section 3b of article 18 (section 330, Williams' Ann.
Const. Okla.) provides for the calling by the legislative authority
of any such city of an election at which a board of freeholders
may be elected, and for the determination at such election as to
whether or not any proceedings toward the adopting of the
charter should be had in pursuance of such call.

In *State ex rel. Reardon, Co. Atty., v. Scales, Mayor, et al.,*
21 Okla. 683, 97 Pac. 584, it was held that sections 3a and
3b of article 18 were self-executing. That holding has been
followed in *Stearns, Mayor, et al. v. State ex rel. Biggers, Co.
Atty., et al.,* 23 Okla. 462, 100 Pac. 909; *Owen et al. v. City
of Tulsa et al.,* 27 Okla. 264, 111 Pac. 320; *City of Ardmore
et al. v. State ex rel. Best,* 24 Okla. 862, 104 Pac. 913. In
the last case it is said:

"Section 4a, art. 18, reserves these same powers to the
people of every municipal corporation. This latter section was
held, in *Ex parte Wagner,* 21 Okla. 33, 95 Pac. 435 [18
Ann. Cas. 197], not to be self-executing. The first Legisla-
ture passed an act entitled 'An act to provide for carrying into
effect the initiative and referendum powers reserved by the
people in articles 5 and 18 of the Constitution of the state
of Oklahoma, to regulate elections thereunder, and to punish
violations of this act.' * * * This act undertakes a procedure
by which the people of the state and of municipal corporations
may avail themselves of the right to exercise the powers of the
initiative and referendum. Section 18 of this act, after pro-
viding the manner of verifying referendum petitions against
any orders or resolutions of any municipal legislative body,
and providing the time in which the same shall be filed, con-
tains the following provision: * * * "

In none of the cases was the question as to whether
said section was self-executing as to said provision of section
3a for the amendment of such charters raised. For the pur-
pose of this case it is not essential to determine whether that
portion of said section 3a is self-executing.

In *State ex rel. Reardon v. Scales, supra,* it is said:

"In the case of *Reeves v. Anderson et al.,* 13 Wash. 17,
42 Pac. 627, Mr. Justice Gordon, for the court, in discussing said

section (section 10, art. 11, Constitution of Washington 1889, providing for the framing of charters of any city containing a population of 20,000 or more), says: 'A constitutional provision is said to be (not) self-executing "when it merely indicates principles without laying down rules by means of which those principles may be given the force of law." Cooley, Const. Lim. p. 121. "Perhaps even in such cases (where the power is self-executing) legislation may be desirable by way of providing remedies for the protection of the rights secured or of regulating the claim of the right so that its exact limits may be known and understood." *Id.* 122. In our opinion, it was competent for the Legislature to supplement the constitutional provision by pointing out the manner in which the right conferred by the Constitution might be exercised and by prescribing rules for the guidance of the city council in relation thereto.' "

See *State ex rel. Lambert v. Superior Court of Spokane County,* 59 Wash. 671, 110 Pac. 622; *Reeves v. Anderson et al., supra.*

In *State ex rel. Caldwell v. Hooker, County Judge,* 22 Okla. 712, 98 Pac. 964, it is said:

"In cases where a provision is self-executing, legislation may still be desirable, by way of providing a more specific and convenient remedy and facilitating the carrying into effect or execution of the rights secured, making every step definite, and safeguarding the same so as to prevent abuses. Such legislation, however, must be in harmony with the spirit of the Constitution, and its object to further the exercise of constitutional right and make it more available, and such laws must not curtail the rights reserved or exceed the limitations specified. *Stevens v. Benson,* 50 Ore. 269, 91 Pac. 578; *Reeves v. Anderson,* 13 Wash. 17, 42 Pac. 625; *Beecher v. Baldy,* 7 Mich. 488; *Willis v. Mabon,* 48 Minn. 140, 50 N. W. 1100, 16 L. R. A. 281, 31 Am. St. Rep. 626; *People v. Draper,* 15 N. Y. 532; Cooley's Const. Lim. (7th Ed.); Ordronaux's Const. Legislation, 262-265. In creating the legislative department, and in conferring upon it the legislative power, the people must be understood to have conferred the full and complete power as it rests in, and may be exercised by, the sovereign power of any country, subject only to such restrictions as they may have seen fit to impose and to the limitations which

are contained in the Constitution of the United States. The legislative department of a state is not made a special agency for the exercise of specifically defined legislative powers but is intrusted with the general authority to make laws at discretion."

See, also, to the same effect, *Incorporated Town of Westville v. Incorporated Town of Stilwell et al.*, 24 Okla. 892, 105 Pac. 664; *M., O. & G. Ry. Co. v. State*, 29 Okla. 640, 119 Pac. 117; *McKee et al. v. de Graffenreid et al.*, 33 Okla. 136, 124 Pac. 303; *Ex parte McNaught*, 23 Okla. 285, 100 Pac. 27; *State ex rel. v. Millar, Mayor, et al.*, 21 Okla. 448, 96 Pac. 747; *Ex Parte Cain*, 20 Okla. 125, 93 Pac. 974.

Obviously the city of Guthrie, having framed a charter under sections 3a and 3b of article 18 of the Constitution, and not having provided therein for the exercise of the initiative and referendum as to the amendment of such charter, section 3388, *supra*, (section 17 of the Act of April 16, 1908 [Sess. Laws 1907-08, c. 44, art. 1]), applies as to the petition which requires a substantial compliance with sections 3369, 3370, 3371, and 3373, Rev. Laws 1910. Only a substantial compliance is essential. *Palmer v. Benson*, 50 Ore. 277, 91 Pac. 579; *Haines v. City of Forest Grove*, 54 Ore. 443, 103 Pac. 775. It is not even contended that the plaintiff in error substantially complied with such requirements.

It follows that the judgment of the lower court must be affirmed.

HAYES, C. J., and KANE and TURNER, JJ., concur; DUNN, J., absent and not participating.