BLACK, Town Clerk, v. WOOD et al.

No. 35339.   July 29, 1952.

Rehearing Denied Nov. 5, 1952.

*249 P. 2d 699.*

Paul W. Updegraff, Norman, for plaintiff in error.

Purman Wilson, Purcell, and Don Welch and Don E. Welch, Madill, for defendants in error.

PER CURIAM. M. R. Wood and Mrs. Louie Cushman, citizens and voters of the town of Lexington, recovered a judgment against Bernice Black, town clerk of the town of Lexington, that a writ of mandamus issue against the defendant commanding her to forthwith cause to be published a notice of the filing of a certain initiative petition in her office, and further commanding that said defendant, after such publication, hear any timely protest filed against the said petition and that said defendant thereafter decide whether such petition be in form as required by the statutes of the state.

It was shown that the initiative petition was timely filed in the office of the defendant, and that defendant had continued in a refusal to take any affirmative action in reference thereto.

The defendant gave as reason for refusal to publish notice of the filing of said petition that said petition appears on its face to be insufficient in that it proposes the adoption of an ordinance, which proposed ordinance in its terms is defective.

In appeal from the judgment granting mandamus, the defendant contends she was under no legal duty to take any affirmative action upon the filing of the initiative petition in that said petition is insufficient upon its face as it reflects a proposal of an ordinance in such form as could not become a valid enactment. Argument is addressed to the legal quality of the legislative propositions stated in the petition.

It was shown that the town of Lexington had not by ordinance made any special provision for the manner of exercise of the initiative power reserved by the Constitution to its people.

34 O. S. 1951 §51 provides, in part, as follows:

"In all cities, counties, and other municipalities which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers reserved by the Constitution to the whole people thereof, as to their municipal legislation, the duties required of the Governor and Secretary of State, by this Chapter, as to State legislation, shall be performed as to such municipal legislation by the chief executive and the chief clerk; * * *. The procedure in municipal legislation shall be as nearly as practicable, the same as the initiative and referendum procedure for measures relating to the people of the State at large."

34 O.S. 1951 §8 provides, in part, as follows:

"When a citizen, or citizens, desire to circulate a petition initiating a proposition of any nature, whether to become a statute law or an amendment to the Constitution, or for the purpose of invoking a referendum upon legislative enactments, such citizen or citizens shall, when such petition is prepared, and before the same is circulated or signed by electors, file a true and exact copy of same in the office of the Secretary of State, and within ninety days after the date of such filing, the original petition shall be filed in the office of the Secretary of State, and no petition not filed in accordance with this provision shall be considered. When such original petition is filed in said office it shall be the duty of the Secretary of State to forthwith cause to be published in at least one newspaper of general circulation within the State, a notice setting forth the date of such filing. Any citizen of the State may, within ten days, by written notice to the Secretary of State, and to the party or parties, who filed such petition protest against the same at which

time he will hear testimony and arguments for and against the sufficiency of such petition. A protest filed by any one hereunder may, if abandoned by the party filing same, be revived within five days by any other citizen. After such hearing the Secretary of State shall decide whether such petition be in form as required by the statutes, and his decision shall be subject to appeal to the Supreme Court of the State, and such court shall give such cause precedence over all others. * * * No objection to the sufficiency shall be considered unless the same shall have been made and filed as herein provided."

Section 8, together with section 51, given application to the town as is here involved, clearly makes it the duty of the town clerk to cause newspaper publication of the date of the filing of a petition initiating legislation for the town. The statute does not appear to authorize the exercise of any discretion in the matter, but makes it the first duty of the clerk after such petition is filed to cause notice to be given to the public of the filing of the same. The provisions of the statute which prescribe a procedure for questioning the sufficiency of the petition and which make it the duty of the clerk to decide whether such petition be in form as required by the statutes, and which provide for an appeal from such decision, clearly contemplate such questioning and decision only after notice of the filing of the petition has been given to the public at large, and after any necessary hearing thereon is held.

The intendment of the Legislature is clear, that the clerk has no right to consider the legality of the subject matter of the petition until after the performance of the duty to cause public notice of the filing of the petition, and after the hearing thereon. Otherwise, there might be an undue interference with the fixed right of citizens to initiate legislation. The right of a citizen to appeal from a decision of the clerk exists only after public notice of the filing of the petition has been given and

the hearing had thereon. The statute was enacted in clear purpose to advance the citizens' right to initiate legislation.

For the rule that mandamus is a proper remedy see Threadgill v. Cross, 26 Okla. 403, 109 P. 558, 138 Am. St. Rep. 964. That decision is also authority for the rule that in a mandamus action to compel performance of a ministerial duty the Secretary of State or town clerk may not question the validity of the initiative proposed.

That the validity of the initiated proposal cannot even be determined on a hearing after protest was held in the case of In re Initiative State Question No. 10, 26 Okla. 544, 110 P. 647.

In Lowther v. Nissley, 38 Okla. 797, 135 P. 3, it was held:

"The city of G. having framed a charter by virtue of sections 3a and 3b (sections 329 and 330, Williams' Anno. Ed.) of article 18 of the Constitution of this State, said charter not providing for the manner of the exercise of the initiative and referendum powers reserved by the Constitution to the whole people of such city as to its municipal legislation or amendments to its charter for its own government, section 3388, Revised Laws of Oklahoma 1910, which provides that in such cases the duties required of the Governor and Secretary of State, relative to the manner of exercising the initiative and referendum powers reserved by the Constitution to the whole people of the state, as to state legislation, shall be performed as to such municipal legislation by the chief executive and the chief clerk, * * * applies to such city and is valid."

On this point see, also, In re Initiative Petition No. 2 of Cushing, 157 Okla. 54, 10 P. 2d 271.

The duty to cause newspaper publication of the filing of an initiative petition involves a ministerial act. It is the fixed duty of the clerk to give that notice, to thereafter conduct any necessary hearing on any protest, and after any such hearing to then determine

the sufficiency of the initiative petition, and to do and perform all other duties required of him by the Constitution and statutes.

Mandamus is a proper remedy to compel performance of those duties. The trial court correctly rendered judgment requiring and ordering the defendant to do and perform those duties.

The judgment of the trial court is affirmed.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, and O'-NEAL, JJ., concur.