298 P.2d 753 (1956)
In re INITIATIVE PETITION NO. 260, STATE QUESTION NO. 377.
T.M. KIRK, Plaintiff in Error,
v.
Andy ANDERSON, Secretary of State, Defendant in Error.
No. 37313.
Supreme Court of Oklahoma.
June 19, 1956.
Rehearing Denied June 26, 1956.
Paul W. Updegraff, Norman, for plaintiff in error.
Leon Shipp, George Fagin, Oklahoma City, for defendant in error.
W.R. Wallace, Jr., Oklahoma City, amicus curiae on behalf of plaintiff in error.
*754 PER CURIAM.
This is a proceeding from an action of the Secretary of State holding valid Initiative Petition No. 260, State Question No. 377, proposing an amendment to the Constitution making provision for four terms for elected County Officials.
On the 29th day of February, 1956, a petition was filed with the Secretary of State containing signers in support of said petition, and on March 8th, thereafter, due publication was made as required by 34 O.S. 1951 § 8. Notice of protest was timely filed by T.M. Kirk, hereinafter called protestant, with the Secretary of State in which the pertinent and essential part reads, as follows:

*755 "Dear Sir: I want to file a protest to En Pet No ___. providing for four year terms for County Officers and other constitutional changes and ask you to set a hearing on same. We have or had hired lawyer to file the protest but he became critical ill and I never knew it till today, so don't have time to get together to employ another lawyer soon enough.
"So will you please set a date to hear protest and we will be there with atty"
Proceedings on the above protest were had and on the 30th day of March the Secretary of State made his findings of fact and conclusions of law, the only essential part thereof necessary for consideration herein is as follows:
"I am going to sustain the motion. I am going to hold that no protest has been filed, and I have a further statement to make and then I am through. I am going to make this statement that I have given the signatures of that petition a visual check, that I have with the assistance of my help, bound them into volumes and I have counted them and I am convinced that there are more than enough legal signatures on that to refer it to a vote of the people, and since there is no protest before me, I am going to hold that the petition is sufficient and if it is to be tried in the Supreme Court we will try it all in the Supreme Court."
Thereafter and on the same day the Secretary of State issued an order finding the petition sufficient. Therein it is stated:
"State Question No. 377  Initiative Petition No. 260.
"Decision of Secretary of State
"I, Andy Anderson, Secretary Of State of Oklahoma, Having Examined The Above Petition, Find, And Hereby Decide, That Said Petition Is In The Form Required By The Statutes Of Oklahoma, And That Same Is Sufficient.
"Dated This 30th Day of March, 1956-12:00 Noon.
 "Andy Anderson
 "Secretary Of State."
On the 9th day of April, 1956, the protestant filed in this court an appeal from the Order of the Secretary of State. The court ordered the proceeding set for trial before the Referee of this Court who made his report finding the petition sufficient. The protestant filed his objections and exceptions to the Report of the Referee and briefs have been filed both by the protestant and the proponent, Cragin Smith. An amicus curiae brief has also been filed in support of the protestant. The parties will be referred to hereinafter as proponent and protestant.
Proponent first argues that no proper protest was filed with the Secretary of State. Proponent states that the protest was defective in several respects in that it was not served on proponent by protestant and that the protest does not challenge the form of the Initiative Petition, or challenge the manner in which the petition was circulated nor the sufficiency of the petition, nor the validity of any of the signatures. In support of his argument proponent relies on Title 34 O.S. 1951 § 8.
The above statute does not require any particular form of protest and we hold that the protest filed herein was sufficient to meet the requirements of the statute.
The question of service has been passed on by this court wherein the court has held that the filing of the protest with the Secretary of State is sufficient notice to all parties. In In re Initiative State Question No. 10, 26 Okl. 554, 110 P. 647, it is stated:
"The written notice to the Secretary of State and to the party or parties who filed the initiative petition, embodying a protest against said petition, having been filed with the Secretary of State, it becomes his duty then and there to fix a day not sooner than five days thereafter in which to hear the same, and it is not essential that such notice be served otherwise upon the party or parties filing said initiative petition."
The above case is in accord with the general rule in cases construing similar statutes as ours. See 28 Am.Jur. sec. 28, p. 168.
*756 We therefore hold that due and sufficient notice was filed with the Secretary of State as provided by 34 O.S. 1951 § 8.
The protestant has presented thirteen propositions of error in his brief which will be discussed under the following general propositions.
It is first argued that protestant was denied a hearing before the Secretary of State and demands that the proceeding be remanded to the Secretary of State for a further hearing. This argument is based on evidence offered that the Secretary of State made his finding as to the sufficiency of the petition after stating that protestant had not filed a sufficient petition. We hold that protestant is in no position to raise this question in this proceeding. Protestant appealed from the order of the Secretary of State above referred to and set out herein and the proceeding was set for hearing at his request and continued for hearing at his request. The appeal is from the final ruling of the Secretary of State for a trial de novo. In re Initiative Petition No. 2, Cushing, Oklahoma (Jurney v. Harlow), 157 Okl. 54, 10 P.2d 271; In re State Question No. 236, Referendum No. 73, 183 Okl. 355, 82 P.2d 1017. If the Secretary of State has failed to perform his duty in granting a hearing the remedy of protestant is not by trial de novo but by some action to require the Secretary of State to perform that duty. In re Initiative Petition No. 2, Cushing, Oklahoma (Jurney v. Harlow), supra; and State ex rel. Bryant v. Carter, 173 Okl. 293, 49 P.2d 217. Also see the case of Black v. Wood, 207 Okl. 368, 249 P.2d 699, 701, wherein the court held:
"The duty to cause newspaper publication of the filing of an initiative petition involves a ministerial act. It is the fixed duty of the clerk to give that notice, to thereafter conduct any necessary hearing on any protest, and after any such hearing to then determine the sufficiency of the initiative petition, and to do and perform all other duties required of him by the Constitution and statutes.
"Mandamus is a proper remedy to compel performance of those duties. The trial court correctly rendered judgment requiring and ordering the defendant to do and perform those duties."
A trial de novo means trial of the entire case anew. Smith v. Bruner's Guardianship, 111 Okl. 93, 238 P. 448, 12 Words and Phrases, De Novo, p. 107. A trial de novo means a complete new trial on both law and fact. On appeal, as here, it would be inconsistent to remand a proceeding back to the Secretary of State to require him to fulfill some duty that he might have omitted to perform. Mandamus, and not appeal, would have been the proper remedy.
The error of the Secretary of State, if any, was merged in the proceeding on appeal where, as here, a trial de novo was afforded protestant.
Protestant argues that the Referee erred in failing to permit him to subpoena the Secretary of the Election Board of Oklahoma County duces tecum directing him to examine his books and testify as to the registration of the signers of the petition resident in Oklahoma County. Since In re State Question No. 236, Referendum Petition No. 73, 183 Okl. 355, 82 P.2d 1017, this Court by judicial opinion has established rules appropriate and convenient to the checking of signatures on initiative and referendum petitions. At no time did the protestant request the right to check the petition to determine its sufficiency on this point and there was never any showing before the Referee or otherwise that protestant attempted or desired to make a check of the petition to determine whether the signatures were those of persons duly registered.
12 O.S. 1951 § 502 provides that a public official cannot be required to bring his books more than one mile from the location of the books in custody. It is not the duty of the Secretary of the Election Board or anyone in his employ to check the petition to determine its sufficiency and the testimony is limited to the accuracy of their records and whether such records are kept in accordance with the law.
*757 There was no error in the refusal to direct the appearance of the Secretary of the Election Board of Oklahoma County or to issue a subpoena duces tecum. In this connection it is pertinent to remark that at the final hearing conducted by the Referee there was no request to subpoena any witness who would offer any testimony as to the sufficiency of the signatures on the petition.
Protestant also argues that the Referee erred in refusing to continue the case on an affidavit made that T.M. Kirk was ill and unable to attend the hearing. The hearing was commenced on the 21st day of May, 1956, and continued at the request of protestant until the 28th day of May, 1956. The parties were directed to subpoena any witnesses required for the hearing on the 28th day of May. No witnesses were subpoenaed and no showing was made of any evidence that would be offered by the protestant. There was no showing by affidavit or otherwise that the testimony of T.M. Kirk was necessary to a determination of the sufficiency of the petition or any of the signatures of the signers thereto. The Referee did not abuse his discretion in refusing to grant the continuance and we so hold.
Protestant also argues that the Referee erred in finding the petition sufficient. It is stated that the Referee could not find and conclude as a matter of law that the petition contained sufficient signatures for the reason that there had been no hearing held on the sufficiency of the petition by the Secretary of State.
The petition as shown by the tabulation of the Secretary of State which was introduced in evidence by the referee consisted of thirty-four volumes containing 156,372 signatures. This petition was filed in the Supreme Court as provided by law. The highest vote cast in the November, 1954 general election, which is controlling was 609,194. The fifteen percent required for a valid petition is 90,380.
The continuance was granted protestant for the purpose of furnishing evidence by witnesses, expert or otherwise, as to the sufficiency of the petition. No witnesses were called to contest the sufficiency of the petition and there was no evidence offered before the Referee to show that the signatures on the petition were not those of duly qualified electors. It is presumed that each signature on the petition is that of a duly qualified registered voter. In re Initiative Petition No. 3 (Woman's Suffrage Petition), 26 Okl. 487, 109 P. 732; In re State Question 216, Referendum Petition No. 71, 179 Okl. 381, 65 P.2d 985; In re Initiative Petition No. 142, State Question 205, 183 Okl. 343, 82 P.2d 803; State Question No. 236, Referendum Petition No. 73, 183 Okl. 355, 82 P.2d 1017; In re State Question No. 349, 203 Okl. 438, 222 P.2d 1032.
Under the holdings of the prior opinions it is the duty of the protestant to overcome the presumption with evidence and in the absence of such evidence the presumption must prevail. The protestant failed to meet this burden.
The findings of the Referee that the petition is sufficient are sustained.
Both in the brief of protestant and in the brief amicus curiae filed herein objection is made to the shortening of time for briefing. It is argued that it is in violation of rule 11, 12 O.S.A. c. 15, Appendix, allowing 60 days for the plaintiff in error to file brief. Special rules as to briefing have been made in special proceedings.
It is not necessary to provide a particular rule for briefing in an appeal from an order of the Secretary of State on an initiative or referendum petition. 34 O.S. 1951 § 8, shortens the time for appeals to ten days and requires the court to consider the appeal forthwith and without delay. Time for briefing has been shortened in many cases involving the initiative and referendum.
Where the statute directs a speedy hearing and disposal of the matter this court has the power to shorten the time for briefing and the general rule of briefing on appeals from the trial courts do not apply.
We hold the petition to be sufficient.
JOHNSON, C.J., WILLIAMS, V.C.J., and CORN, HALLEY, DAVISON, BLACKBIRD, and JACKSON, JJ., concur.
HUNT, J., concurs in conclusion.