THE STATE, EX REL. ARTHUR B. FAIRCHILD, V. SAMUEL L. ANDREWS AND OTHERS.

**Liquor Law of 1881.** Under the law of 1881 [Comp. Stat., 333], the traffic in liquors within the limits of cities and villages can only be carried on under ordinances duly passed by the corporate authorities thereof. Until this is done, no application can be made and no other step taken towards the procurement of a license to sell liquors within the limits of such corporation.

ORIGINAL application for mandamus.

*W. H. Morris* and *O. P. Mason*, for relator.

*Hastings & McGintie*, for respondent.

LAKE, J.

The particular act required of the respondents by the alternative writ heretofore issued, is to appoint a day for the hearing of remonstrances against the granting of licenses to certain persons to retail intoxicating liquors, as provided in the "act to regulate the license and sale of malt, spirituous, and vinous liquors," approved February 28th, 1881. [Comp. Stat., 333.] In the view we take of the case it is unnecessary to notice particularly but a single one of the questions presented for our consideration.

That, under the statute referred to, the sale of spirituous liquors, without a license to do so, is unlawful, will not be questioned. Section eleven provides that " All persons who shall sell or give away, upon any pretext, malt, spirituous, or vinous liquors, or any intoxicating drinks, without having first complied with the provisions of this act, *and obtained a license as herein set forth*, shall, for each offense, be deemed guilty of a

misdemeanor," etc.   This provision is general, and in its application reaches all parts of the state, whether the same be under municipal government or not. Therefore, on the first day of June last, when this statute began its operation, the traffic in such liquors in the city of Crete, as elsewhere within the state, was absolutely inhibited, except upon the terms and conditions therein set forth, one of which is the procurement of a proper license in the manner indicated in the act.

Outside of cities and villages the granting of licenses under this act is intrusted to the boards' of county commissioners in their respective counties, and the steps necessary to be taken to that end are distinctly pointed out.   But this is as far as these boards can go; they have no power to regulate the traffic.   As to cities and villages, however, sec. 25 provides that.the "corporate authorities" thereof "shall have power to license, regulate, and prohibit the selling or giving away of any intoxicating, malt, spirituous, and vinous, mixed, or fermented liquors within the limits of such city or village," etc.   By the term "corporate authorities," as we understand it, is evidently meant those officers of cities and villages to whom is given the or-dinance-making power, which, in cities of the second class, to which Crete belongs, are the mayor and council thereof.

By the express terms of this act, these corporate authorities, within their several jurisdictions, and under certain restrictions and limitations, are given full con-trol of the matter of granting such licenses, and until they have taken proper action to that end, no author-ized traffic in intoxicating drinks is possible therein. Hence we are met by this question, how shall this action be taken?   In other words, how shall these cor-porate authorities make their will as to the granting of licenses and the regulation of the traffic known?

Most clearly in precisely the same way in which alone they are authorized to act in matters of ordinary city government, or other police regulation, wherein the united action of both council and mayor is required—*by ordinance duly passed.*

It appears that the only ordinance on this subject in force in the city of Crete is one merely fixing the amount of money which the applicant for a license must pay into the city treasury therefor. There is none that licenses may be granted, nor as to what officer or officers shall receive, file, and give notice of the application, as required by sections 1 and 2 of the act; nor is there any provision as to who shall take and approve the bond of the applicant, and sign and issue the license, as required by sections 5 and 6. These, as well as several other important matters, can be regulated only by ordinances passed in due form, and until so regulated no application can be made and no other step taken by any one within the city toward the procurement of such license.

On the sole ground, therefore, of the want of suitable provision by the corporate authority of the city of Crete for the granting of licenses under the present law, the peremptory writ must be denied.

WRIT DENIED.