# MAYOR AND COUNCILMEN OF CITY OF PAWHUSKA v. PAWHUSKA OIL & GAS CO. *et al.*

No. 1709. Opinion Filed April 14, 1911.

(115 Pac. 353.)

1. GAS—Necessity of Municipal Grant—Use of Streets—Franchises —Statutes. By section 12, art. 2, c. 26, pp. 435, 436, Sess. Laws 1909, the defendant in error, a domestic gas pipe line corporation, has not, without first being granted a franchise for such purpose, the right to lay, use, and maintain gas pipes and mains, with all necessary attachments, connections, and appurtenances, upon and below the surface of the streets, alleys, sidewalks, etc., of the city of Pawhuska, and to maintain a system of gas pipes and gas works in said city, to sell and supply gas to it and its inhabitants.

2. CONSTITUTIONAL LAW—Initiative and· Referendum Provisions —Statutes. Sections 17, 18, and 19, art. 1, c. 44, Sess. Laws 1907-08, vitalized. the initiative and referendum provisions of article 18 of the Constitution of this state.

3. MUNICIPAL CORPORATIONS—Initiative and Referendum Provisions—Substantial Compliance—Petition—Filing. Section 5b, art. 18, of the Constitution of this state, requires initiative petitions as to municipal legislation, demanding that a franchise be granted, to be filed with the chief executive officer or mayor of such municipal corporation.

   (a) Section 17, art. 1, c. 44, 'Sess. Laws 1907-08, does not require such petition to be filed with the city clerk.

   (b) Although having been filed with the city clerk, yet having been presented to the mayor, and he having acted thereon, according to the mandates of section 5a of article 18 of the Constitution, and called an election thereon, there being no requirement that he indorse such petition as filed, the same was a substantial compliance with said· provision.

   (c) The petition signed by the required number of electors, demanding that the franchise be granted, containing a proposed ordinance setting forth the terms of the franchise in detail, designated as. initiative petition No. 1, and the title of same being "An ordinance granting the Pawhuska Oil and Gas Co. of Pawhuska, Okla., a corporation organized under and by virtue of the laws of the territory, its successors and assigns, a franchise, for ·twenty-five years to use the streets, etc., to sell and· supply said city and inhabitants and concerns thereof, natural gas, and defining the rights and privileges thereunder," is a substantial

compliance with the provisions of section 5, art. 18, of the Constitution.

4.  CONSTITUTIONAL LAW—Self-Executing Provisions—Effect as to Previous Laws—Duration of Franchise. Section 5a, art. 18, of the Constitution, providing that no franchise shall be granted for a longer period than 25 years, is self-executing.

(a.) Section 589, St. Okla. Ter. 1893 (section 693, Comp. Laws 1909), providing that such privileges or franchises could not be granted by cities to extend beyond the period of 21 years, being repugnant to the provisions of section 5a, art. 18, was not continued in force in the state after its admission by virtue of section 2 of the Schedule.

5.  MANDAMUS—Officers—Ministerial Duty—Grant of Franchise. Section 5b, art. 18, of the Constitution, providing that after a franchise has been voted to be granted by a majority of the qualified electors voting thereon, the same shall be granted by the proper authorities at the next regular meeting of the legislative body of the municipality, imposes upon the mayor and councilmen a mandatory ministerial duty.

(a.) The writ of mandamus is available to require the performance of such duty.

(Syllabus by the Court.)

*Error from District Court, Osage County; John J. Shea, Judge.*

Mandamus, on petition of the Pawhuska Oil & Gas Company and others, against the Mayor and Councilmen of City of Pawhuska. Decree for complainants, and defendants bring error. Affirmed.

On the 12th day of November, 1909, the Pawhuska Oil & Gas Company, as plaintiff, began its action in the district court of Osage county against the mayor and councilmen of the city of Pawhuska as defendants, for peremptory writ of mandamus, directing thèm in their legislative capacity to grant a certain franchise set out in the petition of plaintiffs. On the 13th day of November, 1909, an alternative writ of mandamus issued to said defendants as prayed for. Thereafter, in due time, the defendants answered, and, on the 13th day of December, 1909, the court entered final judgment, awarding a peremptory writ of mandamus in accordance with the original prayer. W. C. Tucker, one of the councilmen,

refusing to join in the appeal, is made a codefendant in the proceeding in error.

A petition signed by a number of the qualified electors of said municipality, equal to 25 per centum of the total number of votes cast at the next preceding general municipal election, demanding that said franchise be granted, was filed with the clerk of said city, and designated as initiative petition No. 1, by the terms of which a proposition was submitted by the mayor to the legal voters of said city to grant to said Pawhuska Oil & Gas Company a certain franchise, by which said company acquired the privilege of constructing and operating and maintaining a gas plant, mains, and pipes in the streets, alleys, and public grounds of said city, for the purpose of supplying natural gas to the inhabitants thereof, and defining the rights and privileges thereunder for the period of 25 years. Upon said petition, the mayor issued a proclamation calling an election for the purpose of voting upon such proposition. Said election was held on October 12, 1909, and on the 29th day of October, 1909, the clerk of said city, in the presence of the mayor and in accordance with the law, publicly canvassed the returns of said election and certified his findings. By the return of said election, the proposition as to the granting of said franchise carried by 17 majority of all the voters voting thereon. The Pawhuska Oil & Gas Company filed its written acceptance of said franchise in the office of the city clerk, and executed the bond as required, thereby holding itself bound to all the terms and conditions thereof. The proposition submitted to the voters was styled "An ordinance granting to the Pawhuska Oil & Gas Company of Pawhuska, Oklahoma, a corporation organized under and by virtue of the laws of the territory of Oklahoma, its successors and assigns, the privileges of acquiring, constructing, and operating and maintaining a gas plant, mains, pipes and appurtenances in the streets, alleys and public grounds of said city, for the purpose of supplying natural gas to the said city and the inhabitants and concerns thereof, and defining the rights and privileges thereunder." The mayor and

councilmen, in answer to said alternative writ, denied that as a legislative body they were authorized, empowered, and directed by the provisions of the Constitution of the state, or by the laws of the state of Oklahoma, to grant or pass said franchise as it is proposed in said ordinance or initiative petition No. 1, and claiming the right in acting in their legislative capacity to consider the ordinance in their usual and ordinary way, and to accept or reject the same as to them might seem advisable, and if said ordinance was received without amendment to submit same to the electors of the state for their adoption and rejection; and, further, that by virtue of section 12, art. 2, c. 26, Sess. Laws Okla. 1909, the said Pawhuska Oil & Gas Company was then in the full and complete enjoyment of all the rights, privileges, grants, or immunities sought to be initiated by said proposed ordinance, and had ample and adequate remedy at law for all its rights.

*Paul B. Mason* and *Grinstead, Mason & Scott*, for plaintiff in error.

*Boone, Leahy & MacDonald*, for defendants in error.

WILLIAMS, J. (after stating the facts as above). It is alleged by counsel for the plaintiffs in error that the trial court erred in holding: (1) That plaintiff was not, prior to the institution of this action, in the full and complete enjoyment of all rights, franchises, and privileges sought to be secured by the proceedings herein. (2) That sections 4a to 5b, inclusive, of article 18 of the Constitution of Oklahoma, had been vitalized by legislative enactment, and were enforceable. (3) That all proceedings had prior to the presenting of said franchise ordinance to plaintiff in error on November 8, 1909, were in conformity with the provisions of the Constitution and statutes of Oklahoma, relative to initiating ordinances and franchises. (4) That a franchise could legally be granted by the defendants, in their legislative capacity, for a period of 25 years.

1. Section 12, art. 2, c. 26, pp. 435, 436, Sess. Laws 1909, provides:

"Every domestic gas pipe line corporation in this state is hereby given authority to build, construct and maintain gas pipe lines, over, under, across or through all highways, bridges, streets or alleys in this state, or any public place therein under the supervision of the inspector of oil and gas wells and pipe lines as to where and how in said highways, bridges, streets, alleys and public places said pipe lines should be laid, subject to the control of the local municipalities as to how the business of distribution in that municipality shall be conducted. and subject to responsibility as otherwise provided by law. Provided, however, that whenever any gas line crosses the land or premises of any one outside of a municipality, said corporation shall upon the request of the owner of said premises connect said premises with a pipe line and furnish gas to said consumer at the same rate as charged in the nearest city or town."

The title of said act is as follows:

"An act to regulate the use and preservation of oil and gas and providing penalties for the violation thereof. providing for an inspector, his duties, compensation and appropriation therefor and declaring an emergency."

An act is to be construed in the light of its title and context. Considering the title and the several sections of said act, it may be fairly concluded that the Legislature did not contemplate or thereby attempt to grant every domestic gas pipe line corporation a franchise over the streets, alleys, and public places of any and every town or city in this state; but that said act was passed in the exercise of the police power of the state to restrict the maintaining of *gas pipe lines* to domestic corporations, and by said section 12 it was intended that any domestic gas corporation, first having procured a franchise under the provisions of article 18 of the Constitution, had authority to build, construct, and maintain *gas pipe lines*, over, under, across, or through all streets or alleys in such city or town, for the purpose not of maintaining *gas pipe lines solely,* but also of maintaining in such municipality a gas *plant* and *furnishing* gas to its inhabitants, such gas pipes to be laid in such streets or alleys under the supervision of the inspector of oil and gas wells and pipe lines; it being specifically provided that such line in such city or town should be subject to the control

of the local municipality as to how the business of distribution therein should be conducted. To construe section 12 as contended for by the plaintiff in error would be tantamount to holding that it was a grant of a perpetual blanket franchise to every domestic pipe line corporation, as to every town or city of the state. Without determining whether the authority to grant franchises as to cities and towns is exclusively lodged in the municipalities, or may be exercised also by the Legislature, it not being clear that it was the intention of the Legislature by said section to grant such a blanket franchise, and under the rule that as to every party claiming a special privilege or exemption the burden of establishing the same rests upon such party, and a strict construction obtaining against said party (*Oklahoma City v. Shields*, 22 Okla. 265, 100 Pac. 559), we hold that the defendant in error, by virtue of said section 12, has not, without more, a franchise to lay, use, and maintain gas pipes and mains, with all necessary and proper attachments and connections and appurtenances, upon and below the surface of the streets, alleys, sidewalks, etc., of the city of Pawhuska, for the purpose of maintaining a system of gasworks in said city, to sell and supply gas to it and its inhabitants.

2. Section 17, art. 1, c. 44, Sess. Laws 1907-08, provides:

"In all cities, counties and other municipalities which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers reserved by the Constitution to the whole people thereof, as to their municipal legislation, the duties required by the Governor and Secretary of State, by this act, as to state legislation, shall be performed as to such municipal legislation by the chief executive and the chief clerk; and the duties required by this act of the Attorney General shall be performed by the attorney for the county, district or other municipality. The provisions of this act including those relating to preparation of arguments shall apply to every city and town in all matters concerning the operation of the initiative and referendum in its municipal legislation, on which such city or town has not made or does not make conflicting provisions. The printing and binding of measures and their distribution shall be paid for by the city in like manner as payment is provided for by

the state as to state legislation by this act, except that delivery shall not be less than eight days before the election at which the measures are to be voted upon. The arguments shall be completed not less than twelve days before the election at which they are to be voted upon. It is intended to make the procedure in municipal legislation as nearly as practicable, the same as the initiative and referendum procedure for measures relating to the people of the state at large."

Section 18 of the same act also provides:

"The signatures to each referendum petition against any ordinance, or resolution, passed by a municipal legislative body shall be verified in the manner provided in section four of this act. The petition shall be filed with the chief-executive officer within thirty days after the passage of such ordinance or resolution. No ordinance or resolution of a municipal legislature shall become operative until thirty days after its passage and approval by the executive officer, unless the same shall be passed over his veto and in that case it shall not take effect and become operative until thirty days after such final passage except such measures necessary for the immediate preservation of peace, health, or safety; and no such emergency measure shall become immediately operative, unless it shall state, in a separate section, the reasons why it is necessary that it shall become immediately operative, and the question of emergency shall be ruled upon separately and be approved by the affirmative vote of three fourths of all the members elected to the city council taken by ayes and noes, and the whole measure be approved by the executive officer."

Section 19 of the same act also provides:

"Each measure proposed within a municipality by initiative petition and referendum petition shall be filed with the chief clerk of the municipality. * * * *

Section 21 further provides:

"The procedure herein prescribed is not mandatory, but if substantially followed will be sufficient. If the end aimed at can be attained and procedure shall be sustained, clerical and mere technical errors shall be disregarded."

The title of said act is as follows:

"An act to provide for carrying into effect the initiative and referendum powers reserved by the people in articles five and eigh-

teen of the Constitution of the state of Oklahoma, to regulate elections thereunder, and to punish violations of this act."

Keeping in mind the well-known rule of ·construction that the meaning of the several provisions of an act are to be determined in the light of its context, including the title, it is clear that articles 5 and 18 of the Constitution, as supplemented by the provisions of said act, are enforceable. That portion of section 17, *supra*, which provides that the duties required by the Governor and Secretary of State by this act, as to state legislation (article 5, § 3, Const.), shall be performed as to such municipal legislation by the chief executive and the chief clerk thereof, harmonizes with the provisions of section 4b and 5b of article 18 of the Constitution. There appears to be no attempt to require such petitions to be filed with the city clerk, instead of the mayor. *Coal & Coke Ry. Co. v. Conley et al.*, 67 W. Va. 129, 67 S. E. 613. The duty of filing the petition as to state legislation with the Secretary of State, or mayor as to municipal legislation, rests upon the petitioners or their representative. But if such appeared to be the reasonable construction of section 17, *supra*, that it was intended that such petition should be filed with the city clerk, instead of the mayor, that part of said section thereby conflicting with sections 4b and 5b, art. 18, Const., would fall. The remaining portions of sections 17, 18, etc., would still stand and apply. *In re County Com'rs of Counties Comprising Seventh Judicial Dist.*, 22 Okla. 435, 98 Pac. 557. The *dictum* in *Ex parte Wagner*, 21 Okla. 33, 95 Pac. 435, 18 Am. & Eng. Am. Cas. 197, that by virtue of article 1, c. 44, Sess. Laws, 1907-08, pp. 440, 452, the initiative and referendum provisions as contained in articles 5 and 18 of the Constitution were capable of being applied and carried into effect, seems to have been correct.

3. Section 5b, art. 18, provides that whenever a petition, signed by the required number of electors, demanding that a franchise be granted, shall be filed with the chief executive officer of such municipal corporation, he shall, within 10 days thereafter, call a special election at which he shall submit the question of whether

or not such franchise shall be granted, and, if at said election a majority of said electors voting thereon shall vote for the grant of such franchise, the same shall be granted by the proper authorities at the next succeeding regular meeting of the legislative body of the city. It is insisted that because this petition was filed with the clerk, that although the chief executive officer acted upon such petition and issued his proclamation, calling the election herein, that such an irregularity invalidates the election held thereunder. The requirement to file with the mayor was that he might act thereon. He having treated same as properly filed when presented to him, and acted thereon and. issued his proclamation, calling the election, and the election having been held in accordance with the requirements of the law and the result properly certified, seems to have been sufficient or a substantial compliance with the mandate of the Constitution. 8 Ency. P. & Pr. p. 927; *Town of Grove v. Haskell et al.*, 24 Okla. 707, 104 Pac. 56; *Norris v. Cross*, 25 Okla. 287, 105 Pac. 1000. The form of the ballot title on the ballot voted was as follows:

"Proposed by Initiative Petition No. 1.

"Shall an ordinance be adopted granting the Pawhuska Oil & Gas Company, or assigns, a franchise for twenty-five (25) years to use the streets, alleys, sidewalks, and bridges of said city, and future additions thereto, for laying pipes thereon, to maintain a gas system in such city, to sell and supply said city and inhabitants thereof natural gas, prices not exceeding: Meter rates 15 cents per 1,000 cu. ft.; flat rates (residences and offices) stoves, ranges, grates $1.00, heaters 50c each per month. Hotels, stores, etc., ranges $1.75, small stoves $1.00 medium stoves $1.50, large stove $2.00, each per month. Lights 10c to 15c each per month. Street lights, churches and schools free.

"Shall it be adopted?

Yes ( )
No. ( )

This was a full compliance with the provisions of section 5b, art. 18, of the Constitution.

4. Section 5a of article 18 of the Constitution provides that no municipal corporation shall ever grant any franchise without the approval of a majority of the qualified electors residing within its corporate limits, who shall vote thereon at a general or spe-

cial election, and that the legislative body of any such corporation may submit any such matter for approval or disapproval to such electors at any general municipal election, or call a special election for such purpose at any time upon 30 days' notice, and that no franchise shall be granted for a longer period than 25 years. This section is self-executing. *Ex parte McNaught,* 23 Okla. 285, 100 Pac. 27. Section 589, St. Okla. Ter. 1893 (section 693, Comp. Laws Okla. 1909), providing that such privileges or franchise could not be granted by cities to extend beyond the period of 21 years, seems to be repugnant to such provisions of the Constitution of this state and not to have been continued in force after the erection of the state by virtue of section 2 of the Schedule.

5. Section 5b, art. 18, Constitution, *supra,* provides that, after said franchise has been voted to be granted by a majority of the qualified electors voting thereon, "the same shall be granted by the proper authorities at the next succeeding regular meeting of the legislative body of the city." This language is mandatory in its terms. And it would seem that under such circumstances the mayor and councilmen were required to perform a mandatory ministerial duty. In such case mandamus is a proper remedy. 3 Abbott on Municipal Corporation (1906) §§ 1114, 2483.

The judgment of the lower court is affirmed.

All the Justices concur.