JOHN EYRE ET AL., APPELLANTS, V. JOHN A. DOERR, APPELLEE.

FILED JANUARY 2, 1915. NO. 18,701.

1. **Intoxicating Liquors: LICENSE: MUNICIPAL ORDINANCE.** Under the laws of this state, no license can be issued for the sale of intoxicating liquors unless an ordinance is first passed authorizing such license and regulating the same. Whether an ordinance prohibiting such sale has any force or effect, *quære*.

2. ———: ———: ———: VALIDITY. An ordinance purporting to authorize the sale of intoxicating liquors, which contains no regulation as to "what officer or officers shall receive, file, and give notice of the application" for license, nor "who shall take and approve the bond of the applicant, and sign and issue the license," and omits other necessary regulations, is invalid and will not authorize the granting of license.

3. ———: ———: PETITION: SUFFICIENCY. No proceeding can be taken by the mayor and council upon the application for license until a petition is filed containing the allegations provided by statute and signed by the required number of resident freeholders.

4. **Municipal Corporations: ORDINANCE: INITIATIVE AND REFERENDUM.** When a petition for an ordinance under the initiative and referendum statute is filed with the city clerk, and "the mayor and city council convened before such proposed ordinance can be legally submitted to a direct vote of the voters," the clerk must "forthwith present to such body a certified copy of the proposed ordinance." If the proposed ordinance "is not made law by the mayor and city council" within the specified time, the "clerk shall submit the same to the voters." If the mayor and council are so convened, the clerk cannot submit the ordinance to the voters without first presenting it to the mayor and council.

5. ——: ——: ——. An ordinance adopted by the voters under the initiative statute does not "go into effect" until 30 days after it is adopted.

6. Intoxicating Liquors: LICENSE: PETITION: AMENDMENT. A petition for license, which does not allege that the applicant is a man of respectable character and standing and a resident of this state, is insufficient, and any proceedings attempted thereunder will be void. An amendment of the petition in this respect, with or without the consent of the petitioners, will not validate proceedings of the mayor and council thereon which were taken when no sufficient petition was on file.

APPEAL from the district court for Nuckolls county: LESLIE G. HURD, JUDGE. *Reversed with directions.*

*A. G. Wolfenbarger, R. M. Proudfit, J. H. Agee, S. R. Buck* and *H. S. Lower,* for appellants.

*Bernard McNeny, contra.*

SEDGWICK, J.

On the 7th day of April, 1914, at an election held for that purpose under the initiative and referendum statute, the voters of the city of Superior, in Nuckolls county, a city of the second class having more than 1,000 and less than 5,000 inhabitants, adopted an ordinance forbidding the licensing of saloons. Afterwards, on the 22d day of May, 1914, at a special election held for that purpose, an ordinance was adopted relating to and regulating the sale of malt, spirituous and vinous liquors in the city of Superior. Under this last ordinance, John A. Doerr applied for a license and filed with the clerk of the city his petition signed by more than 30 of the freeholders of the city. A remonstrance was filed, and upon the hearing the city council granted the license. The remonstrants appealed to the district court for that county, and by the judgment of the court the action of the city council was affirmed. Remonstrants have appealed to this court.

A number of curious, and some of them technical, questions are presented and discussed in the briefs. We find it necessary to notice only a portion of them. The first ordinance, of April 7, orders that no saloon license shall

be granted, and that "no person, firm or corporation shall be licensed to sell malt, spirituous or vinous or intoxicating liquors within the corporate limits of the city of Superior." It makes an exception in the case of sales for "medical, mechanical or sacramental purposes." This ordinance accomplishes nothing that was not already the law of this state. No license for the sale of intoxicating liquors could be issued by the authorities of the city without first adopting an ordinance providing therefor and regulating the manner of issuing the license. This first ordinance is treated in the briefs as having some force or effect, and it does not appear to be necessary to determine that question. It is also a serious question whether the second ordinance, of May 22, is valid. No license can be granted unless'there is first an ordinance providing therefor, and until such ordinance is enacted no application for license can be made and no other step taken towards procuring such license. This was first decided in *State v. Andrews,* 11 Neb. 523, and was afterwards approved and affirmed in *Hornberger v. State,* 47 Neb. 40. From the *Andrews* case it appears that the statute requires the ordinance for the purpose of determining the policy of the village as to whether it will, or will not, license saloons, and also for the purpose of regulating the issuance of licenses. Unless the ordinance supplies those regulations which are not supplied in the statute, no license can be issued. The opinion recites some of the regulations that the ordinance must contain. It must provide that a license can be granted, "what officer or officers shall receive, file, and give notice of the application, * * * who shall take and approve the bond of the applicant, and sign and issue the license." And the opinion says that there are other important matters that can be regulated only by ordinance passed in due form, "and, until so regulated no application can be made and no other step taken." This ordinance does not appear to contain those things which are said, in the opinion referred to, to be absolutely necessary to the validity of the ordinance.

It appears that the city council was in session within the 30 days after the filing of the petition for the election at which the second ordinance was adopted. The statute provides: "If the mayor and city council be convened before such proposed ordinance can be legally submitted to a direct vote of the voters, the clerk aforesaid shall forthwith present to such body a certified copy of the proposed ordinance and the demand for the submission of the same on file in his office." It also provides that, if the proposed ordinance is not made a law by the mayor and council "within 30 days from the filing of the same with such clerk, the said clerk shall submit the same to the voters according to the provisions of this article." Rev. St. 1913, sec. 5232. If the section of the statute is complied with and the city council enacts the ordinance as proposed, the expense and delay of the election is avoided. It is a serious question whether the clerk can disregard this provision of the law and proceed with the election without submitting the ordinance to the mayor and council.

Section 5237, Rev. St. 1913, provides: "No ordinance for the government of any city aforesaid in this state, except as hereinafter provided, shall go into effect until 30 days after the passage of the same." It is contended by counsel for the applicant that this section applies only to the passage of an ordinance by the mayor and council. But this section was a part of the original act providing for the initiative and referendum. Laws 1897, ch. 32, sec. 12. Prior to that act there was no such provision in regard to ordinances enacted by the mayor and council, and in the act of 1897 there is no other provision than this in regard to the time when the ordinance adopted by the people shall take effect. If this ordinance did not take effect until 30 days after its adoption by the voters, it was not in force when the application and petition for the license were filed, nor was it in force 10 days before the last publication of the published notice. And it would follow that for this reason the board was without jurisdiction to act upon the petition, even if we should consider that the ordinance in question is valid.

The petition for the license did not contain the allegation that the applicant is a man of respectable character and standing and a resident of this state. The statute expressly requires this allegation in the petition. Rev. St. 1913, sec. 3844. It has been many times held by this court that the petition is jurisdictional, and that it must contain all of the allegations provided by the statute. *State v. County Commissioners,* 12 Neb. 54; *Steinkraus v. Hurlbert,* 20 Neb. 519; *Maxwell v. Reisdorf,* 90 Neb. 374. See, also, 23 Cyc. 125. The rule is perhaps technical, but it has been so long recognized as the rule in this state that to depart from it now would be legislation.

For these reasons, the judgment of the district court is reversed and the cause remanded, with directions to cause the license to be canceled.

REVERSED.

LETTON, ROSE and FAWCETT, JJ., not sitting.

