## Ex Parte GRIGGS.

No. 8800—Opinion Filed Feb. 13, 1917.

Concurring Opinion, Feb. 27, 1917.

(163 Pac. 325.)

(Syllabus by the Court.)

1. **Municipal Corporations — Ordinance—Initiative—Statute.**

Section 4c, art. 18, Williams' Ann. Const., requires that an initiative petition which demands the enactment of an ordinance shall be presented to the legislative body of the municipality by the chief executive officer thereof at its next meeting after the filing of same, and unless such petition shall be granted more than 30 days before the next election at which any city officers are to be elected, the chief executive officer shall submit said ordinance to the qualified electors at said election for their action thereon.

## 2. Same.

Where an initiative petition was filed with the city clerk of Pauls Valley demanding the enactment of an ordinance, and the mayor of said city, on the day after same was filed, called an election upon a date other than the next city election at which any city officers were to be elected, submitting said ordinance to the electors of the city without said petition having been presented to the city council and without the council having ordered a special election to vote on said measure, held, that said ordinance was not legally submitted, and the election held thereon was void.

Thacker, J., dissenting in part.

Habeas corpus by G. W. Griggs. Petitioner discharged.

Yerker E. Taylor and Albert Rennie, for petitioner.

McQ. Williamson and L. H. Hampton, for respondent.

HARDY, J. Petitioner was convicted of a violation of a certain ordinance prohibiting pool and billiard halls in the city of Pauls Valley and assessed a fine of $25 and costs, upon failure to pay which he was remanded to the city jail, and presents his petition for a writ of habeas corpus, alleging that said restraint is illegal and unauthorized, because said ordinance under which the pretended complaint was issued and arrest and conviction had is void.

On October 24, 1916, there was filed with the clerk of said city an initiative petition demanding submission to the electors of said city of an ordinance prohibiting pool halls and billiard halls within said city, and on October 25, 1916, the mayor issued his proclamation fixing November 7, 1916, as the date for an election to be held thereon, notice of which was published in a newspaper of general circulation in four successive issues. At the election held in pursuance of said proclamation a majority of the electors voting thereon voted in favor of its adoption. On December 5, 1916, the mayor of said city issued a proclamation declaring that as a result of said election said ordinance had been adopted. On December 8, 1916, complaint was filed charging petitioner with a violation of said ordinance, and a warrant was issued and arrest made, resulting in his trial and conviction.

Section 4a, art. 18, Williams' Ann. Const., reserves the powers of the initiative and referendum with reference to all legislative authority which it may exercise and amendments to charters for its own government in accordance with the provisions of the Constitution to the people of every municipality within the state. This section and the following sections of said article were held to be not self-executing. Ex parte Wagner, 21 Okla. 33, 95 Pac. 435, 18 Ann. Cas. 197.

The First Legislature passed an act entitled:

"An act to provide for carrying into effect the initiative and referendum powers reserved by the people in articles 5 and 18 of the Constitution of Oklahoma, to regulate elections thereunder and to punish violations of this act. * * *" (Laws 1907-08, c. 44.)

This act provides a mode of procedure through which the people of the state and its various municipal corporations might avail themselves of the right to exercise the powers of the initiative and referendum and vitalizes said provisions. Ex parte Wagner, supra; City of Ardmore v. State, 24 Okla. 862, 104 Pac. 913; Mayor, etc., v. Pawhuska Oil & Gas Co., 28 Okla. 563, 115 Pac. 353.

Section 4b of article 18 prescribes the requisites for an initiative petition with reference to municipal legislation, and section 4c is as follows:

"When such petition demands the enactment of an ordinance or other legal act other than the grant, extension, or renewal of a franchise, the chief executive officer shall present the same to the legislative body of such corporation at its next meeting, and unless the said petition shall be granted more than thirty days before the next election at which any city officers are to be elected, the chief executive officer shall submit the said ordinance or act so petitioned for to the qualified electors at said election; and if a majority of said electors voting thereon shall vote for the same, it shall thereupon become in full force and effect."

The plain meaning of this language is that, when a petition demanding the enactment of an ordinance has been filed with the chief executive officer of a municipality, he shall present the same to the legislative body of such corporation at its next meeting, and unless the legislative body shall grant such petition by enacting the ordinance therein demanded more than 30 days before the next election at which city officers are to be elected, such chief executive officer must then refer said ordinance to the qualified electors of said city at the next election at which any city officers are to be elected for their action thereon. It is admitted that the mayor did not present the petition to the city council, and that it was not submitted at an election at which any city officers were to be elected. Petitioner contends that by reason of the failure to comply with the requirements of this provision the election was invalid; while, on the other hand, it is urged that compliance therewith was unnecessary. The act

passed by the First Legislature vitalizing the provisions of articles 5 and 18, with reference to municipal legislation through the powers of the initiative and referendum, is contained in Revised Laws 1910, with certain revisions, as chapter 37, entitled "Initiative and Referendum," consisting of sections 3368 to 3401, both inclusive. Section 3388 declares that in municipalities which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers as to municipal legislation the duties required of the Governor and secretary of state as to state legislation shall be performed as to such municipal legislation by the chief executive and chief clerk, and that the duties required of the Attorney General shall be performed by the attorney for the municipality.

Section 3379 of said act authorizes the Governor, whenever a petition has been accepted and its title decided upon, upon notice in writing by the secretary of state, to issue a proclamation setting forth the substance of the measure and the date of the referendum vote, and section 3394 authorizes the Governor in his discretion to call a special election when any measure shall be initiated by the people or when the referendum shall be demanded against any measure passed by the Legislature. It is contended that the mayor was authorized by reason of said provisions, to call an election upon said initiative petition, without first submitting same to the council for its action thereon. This contention cannot be sustained. While the Legislature was authorized to pass legislation vitalizing said provisions and regulating the method of the exercise of the powers therein conferred. such legislation must be in harmony with the spirit of the Constitution and its object to further the exercise of the constitutional right and make the same more available, and such laws must not curtail the rights reserved or exceed the limitations specified in the Constitution. State v. Hooker, 22 Okla. 712, 98 Pac. 964.

A similar question was presented to the Supreme Court of Oregon in Haines v. City of Forrest Grove, 54 Or. 443, 103 Pac. 775, which case involved the validity of the charter of the city of Forrest Grove. The general law of 1907 (General Laws 1907, p. 398, c. 226) making provisions for carrying into effect the initiative and referendum powers reserved by the people in section 1 and section 1(a) of article 4 of the Constitution of Oregon in regard to municipal legislation, under which the charter of said city was adopted, provided in section 12 thereof that, if any ordinance, charter, or amendment to the charter of any city should be proposed by petition, such petition should be filed with the city clerk, auditor, or recorder, who should transmit it to the next session of the council, and that the council should either ordain or reject the same as proposed within 30 days thereafter, but if rejected or no action was taken thereon within that time. it should be submitted to the voters of the city or town at the next ensuing election. The council of said city by resolution approved the proposed charter and submitted it to the electors of said city in accordance with the statute. Speaking in reference to this provision, the court said:

"It will thus be seen that the manner of proceeding is clearly indicated in the general act."

And after holding that the word "ordain," in the connection used, was employed in the sense of adopt or approve, that is, that the council might either approve or reject the proposed charter or ordinance, after which proceedings might be taken as therein directed, it held that the adoption by resolution was sufficient, and that error could not be predicated upon such action by the council. In further discussion of the case it was said:

"It will be observed from section 12 of the act of 1907 that more than one way is provided by which charters, amendments thereto, and ordinances may be adopted and become operative. The first is by petition, known as the 'initiative,' by which the matter is called to the attention of the council, whereupon. if it shall not within 30 days be rejected or approved by that body, the clerk is required to submit the bill to the voters of the city, town, or proposed city or town, at the next ensuing election. Another method provided is that, in the event the proposition shall meet with the approval of the council, and they shall so ordain, it may either be submitted to the voters for their approval or rejection, or the council may declare, and thereby make it effective without such submission."

The difference between the Oregon provision and that now under consideration is that under the Oregon statute, when such initiative petition is transmitted to the council, they shall either ordain or reject the same as proposed within 30 days thereafter, while our constitutional provision requires that it shall be presented to the legislative body of the municipality at its next meeting, and unless the petition shall be granted more than 30 days before the next election, the chief executive officer shall submit the same to the qualified electors at the next election at which any city officers are to be elected. The requirement that it be submitted to the legislative body of the municipality is the same in each instance.

A similar provision is contained in Rev. St. Neb. 1913, sec. 5232. At an election held for that purpose under the initiative and referendum statute the voters of the city of Superior, in Nuckolls county, adopted an ordinance forbidding the licensing of saloons; and afterwards, at a special election held for that purpose, an ordinance was adopted relating to and regulating the sale of malt, spirituous, and vinous liquors in said city. Under this last ordinance a license was granted and remonstrators appealed to the district court, where the action of the city council was affirmed, and an appeal taken to the Supreme Court. The cause was reversed in Eyre et al. v. Doerr, 97 Neb. 562, 150 N. W. 625, and the fourth paragraph of the syllabus in that case is as follows:

"When a petition for an ordinance under the initiative and referendum statute is filed with the city clerk, and 'the mayor and city council convened before such proposed ordinance can be legally submitted to a direct vote of the voters,' the clerk must 'forthwith present to such body a certified copy of the proposed ordinance.' If the proposed ordinance 'is not made law by the mayor and city council' within the specified time, the 'clerk shall submit the same to the voters.' If the mayor and council are so convened, the clerk cannot submit the ordinance to the voters without first presenting it to the mayor and council."

The requirements of section 4c that such petition shall be presented to the legislative body of the corporation at its next meeting is plain and unambiguous, and does not admit of interpretation, and it would seem to be a condition precedent that such petition be so submitted before any authority exists upon the part of the chief executive officer to submit the same at an election to the electors of said city. It will not do to say that it may be disregarded, and that a failure to observe such requirements will not defeat an election, for to do so would set at naught the will of the people with reference to such matters as expressed in this provision. That construction is recognized by the Legislature in section 3391, Rev. Laws 1910, which authorizes the legislative body of a municipality to submit with each initiative measure a competing bill or resolution, and also authorizes amendments to a municipal charter proposed by initiative petition to be submitted in the same manner and confers power upon such legislative body to order a special election to vote on a municipal measure. This section indicates that it was not the intention of the Legislature to authorize the chief executive officer of a city to submit a measure proposed by initiative petition in a manner differing from that prescribed by section 4c, art. 18, and that it was not the intention to confer upon such chief executive officer the power to call a special election upon any such measure, but it is expressly declared that special elections may be called by the legislative body, thereby excluding the idea that power to do so was conferred upon the chief executive officer.

For failure to submit said initiative petition to the city council for their action thereon in accordance with the requirements of section 4c, and because said council did not order a special election to be held thereon upon the date said election was in fact held, we must hold that said ordinance was not legally submitted or adopted, and that petitioner should be discharged.

All the Justices concur, except THACKER, J., who concurs in the conclusion.

THACKER, J. (concurring). I concur in the conclusion reached by the court in this case for the reason that I do not believe that a valid ordinance can be enacted by the electorate of a municipal corporation upon an initiative petition, on the authority of section 4b, art. 18 (Williams', sec. 332), of the state Constitution, except at an "election at which any city officers are to be elected," as expressly provided in section 4c, art. 18 (Williams', sec. 333), of the same, and the ordinance in question in the instant case was not enacted at such an election; but I am unable to give my assent to the proposition in effect affirmed in the opinion of the court that a provision for an independent intermediate proceeding to invoke a distinct legislative power to the same end with a view to a possible earlier grant of such petition is any part of the procedure in the exercise of the power of the electorate to enact such ordinance or is a condition precedent to or in any manner affects the validity of such ordinance duly proposed by petition submitted by the chief executive officer of such corporation to such electorate and expressly favored by a majority of the electors voting thereon.

Section 4a, art. 18 (Williams', sec. 331), of our Constitution reads:

"**The powers of the initiative and referendum, reserved** by this Constitution to the people of the state and the respective counties and districts therein, **are hereby reserved to the people of every municipal corporation now existing or which shall hereafter be created within this state, with reference to all legislative authority which it may exercise, and amendments to charters for its own government in accordance with the provisions of this Constitution.**" (The emphasis is mine.)

"The powers of the initiative, * * * reserved by this Constitution to the people of the state and the respective counties and district therein," is specified in section 1, art.

5 (Williams', sec. 51), of our Constitution as follows:

" * * * But the people reserve to themselves the power to propose laws * * * and to enact * * * the same at the polls independent of the Legislature."

It will be seen from the foregoing that the power of the initiative "reserved to the people of every municipal corporation" is the power to propose and to enact laws at the polls independent of the legislative body of such municipal corporation, and, of course, independent of the opinion or will of any executive officer.

Without the power of the initiative, a majority of the people, in the course of time, have generally been, and, no doubt, will continue to be, able to secure any desired legislation through the legislative bodies of such corporations; but this is sometimes attended with great delay, often covering one or more changes in the personnel of such body, and the principal object of this reservation of power is evidently to prevent such delays in obtaining needed legislation.

Section 4c, art. 18 (Williams', sec. 333), of our Constitution, referring to the electors' initiative and referendum petitions authorized by the next preceding section, reads:

"When such petition demands the enactment of an ordinance or other legal act other than the grant, extension, or renewal of a franchise, **the chief executive officer shall present the same to the legislative body of such corporation at its next meeting, and unless the said petition shall be granted more than thirty days before the next election at which any city officers are to be elected, the chief executive officer shall submit the said ordinance or act so petitioned for to the qualified electors at said election;** and if a majority of said electors voting thereon shall vote for the same, it shall thereupon become in full force and effect." (The emphasis is mine.)

"Unless the said petition shall be granted more than thirty days before the next election at which any city officers are to be elected," without regard to whether the chief executive of such corporation has presented it in accord with his duty to the legislative body thereof as I construe this section, "the chief executive officer shall submit the said ordinance or act so petitioned for to the qualified electors at said election."

In other words, the language used requires the chief executive officer to submit the proposed ordinance or act to the electorate at such election unless such petition is so granted by such legislative body; and the only condition precedent to his duty to do so is that it remains not granted 30 days before such election, the fact that it was not presented to such legislative body being immaterial to and in no manner affecting his duty to submit the same to the electorate so long as the same was not granted.

It will be seen from the foregoing that the chief executive officer of the municipality is the agent, or human instrumentality through which the power of the people of the municipality to submit a proposed ordinance or act to the qualified electors at an election is exercised; and in respect to this power such chief executive officer is obviously a mere ministerial officer.

The requirement of section 4c, art. 18 (Williams', sec. 333), of our Constitution that "the chief executive officer shall present the same [the petition] to the legislative body of such corporation at its next meeting" was obviously intended in the main to prevent, if possible, the delay of even the initiative procedure in the enactment of any ordinance or other legal act that should be enacted for the public good; and it seems indisputably clear that this requirement that the petition shall be presented to the legislative body of the municipal corporation at its next meeting is not part of the procedure in the exercise of, and has no important relation to, the power of the people to enact the same and the right of the petitioners to have the same submitted to the qualified electors at an election, except that by invoking the powers of such legislative body the necessity for such submission and election may be perhaps obviated.

That the possible prevention of delay incident to a submission to the electorate is the principal purpose of this constitutional requirement seems too clear to admit of extended discussion; and, of course, any construction or application of it to cause, instead of to prevent, delay in such submission to the electorate is clearly wrong.

True, this requirement is mandatory; but its mandate must accord with its principal purpose, and not run counter to the same; and to say that this requirement is a condition precedent to the power of the people to enact an ordinance or other legal act is to allow it to defeat its principal purpose, which is unthinkable.

The requirement of said section 4c, art. 18 (Williams', sec. 333), of our Constitution that "the chief executive officer shall present the same (such petition) to the legislative body of such corporation at its next meeting," in order that this body may have its attention brought to the desires of the petitioners and may obviate the necessity for an election by granting the same if in their judgment this should be done, is mandatory in the sense that it is imperative, peremptory, and compellable; but, as already stated, this require-

ment is no part of the initiative procedure, and is not related, as a condition precedent, to the power of the electorate of such corporation to grant such petition by the enactment of such proposed ordinance.

It must be obvious that the mere fact that an omitted constitutional requirement is mandatory does not render void the initiative procedure under this section of the Constitution in which such requirement occurs, as may be illustrated by supposing that this section 4c, art. 18 (Williams', sec. 333), had provided that upon the filing of such petition the clerk of such corporation should furnish the state librarian with a copy of the same for the general information as to such current events, and that this requirement had been omitted. Such supposed omitted requirement might be mandatory; but its omission certainly could not be thought to affect the validity of the ordinance so enacted for the simple reason that the requirement so omitted is not related, as a condition precedent, to the power of the electorate to enact such ordinance or other legal act.

In the instant case the omitted requirement has a closer relation to the purpose of the election in one respect than the requirement I have supposed would have; but the omitted requirement in the instant case is equally as foreign and unrelated, in respect to the conditions precedent to a valid submission and adoption of an ordinance or other legal act at an election, for the simple reason that such omitted requirement is intended to obviate, if the petition should be so granted, the necessity of delay in an election, and is an independent side step directed toward the same ultimate end instead of a step toward and in the line of procedure to obtain enactment at such election itself; that is, the omitted requirement is only related as a means of invoking a distinct legislative power to grant the petition, and is otherwise so foreign to the procedure in the exercise of the power of the initiative, and to the power itself, that its omission cannot defeat nor affect the exercise of this power.

However, since it seems clear that this power of the initiative can only be exercised as authorized by the Constitution—that is, at an election where one or more city officers are to be elected—I think the submission made and the purported ordinance adopted in the instant case, at an election at which no city officer was to be elected, absolutely without authority and void.

I therefore concur in the conclusion reached in the opinion of the court, although I dissent from that opinion in the respect hereinbefore shown.