In re **REFERENDUM PETITION NO. 1, TOWN OF HASKELL.**

No. 27523.    March 1, 1938.

Rehearing Denied April 5, 1938.

Fred W. Martin, for petitioner.

F. N. Shoemake and Harold Shoemake, for protestant.

PER CURIAM. There is here involved the action of a town clerk in sustaining a protest to the sufficiency of a petition which sought to invoke the referendum against an ordinance carrying an emergency clause. The board of trustees of the town of Haskell, on April 14, 1936, passed and adopted ordinance No. 141, whereby the operation of pool halls was authorized under certain conditions. The ordinance carried the following emergency clause:

"It being immediately necessary for the preservation of public peace, and safety, an emergency is hereby declared to exist by reason whereof this ordinance shall take effect and be in full force from and after its passage and publication."

It is conceded that the emergency clause was adopted by the required vote of the trustees and that the ordinance was duly published. Thereafter, on May 14, 1936, D. B. Mascho, hereafter referred to as petitioner, filed with the town clerk a referendum petition which demanded that said ordinance be referred to a vote of the people of the town. Freeman Carter, hereafter referred to as protestant, filed a protest challenging the petition for referendum on the ground that the legislation sought to be referred was an emergency legislation, and therefore not such as could be submitted to a vote of the people. The town clerk, after some delay, heard the evidence and argument of the parties and sustained the protest and held the petition insufficient. The petitioner prosecuted an appeal to this court. The cause was thereupon assigned to the referees of the court for the purpose of taking testimony and making findings of fact. The parties thereupon appeared before the Referees and stipulated concerning the facts. In this stipulation the parties conceded the regularity of all the proceedings had with reference to the preparation and submission of the referendum to the town clerk, and admitted that if the ordinance was one subject to the referendum, the petition should have been held sufficient. The parties further stipulated that the only questions presented for determination are as follows:

"(1) Does the protest filed against the referendum petition raise questions which the town clerk has authority to determine on his hearing and this court on appeal?

"(2) Is the ordinance No. 141 such an emergency measure as will prevent the same from being subject to the referendum The special question involved being the emergency clause, and whether or not by reason thereof, did the ordinance become immediately operative upon its passage and approval?"

It is the theory of the petitioner that the protest filed by the protestant involved a judicial determination of the sufficiency of the emergency clause attached to the ordinance, and that therefore the town clerk had no authority to pass upon this question, and that on appeal this court is likewise limited, and that in any event the emergency clause was insufficient to render the ordinance immediately operative. It is the theory of the protestant that the town clerk had authority to determine the nature of the legislation sought to be referred and to pass thereon, and that as a matter of law the emergency clause was sufficient to render the ordinance immediately operative. We will discuss these several contentions in the light of the pertinent constitutional provisions and certain prior decisions of this court.

Under section 1, article 5, of the Constitution, the people reserve to themselves the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature. and also reserve power at their own option to approve or reject at the polls any acts of the Legislature. However, under section 2 of said article, a limitation is im-

posed upon the power of referendum, and therein it is expressly provided that it may be invoked against any legislative act except laws necessary for the immediate preservation of public peace, health, and safety. By section 5 of the same article the powers reserved to the people of the state at large are further reserved to the legal voters of every county and district therein as to all local legislation, and by section 4 (a), article 18, of the Constitution, it is further provided:

"The powers of the initiative and referendum, reserved by this Constitution to the people of the state and the respective counties and districts therein, are hereby reserved to the people of every municipal corporation now existing or which shall hereafter be created within this state, with reference to all legislative authority which it may exercise, and amendments to charters for its own government in accordance with the provisions of this Constitution."

It is, therefore, manifest that the framers of the Constitution intended that the people of the various municipalities should have and retain the same powers over local legislation as the people at large retain over general legislation, and no other or greater power. The constitutional provisions by which these powers are reserved were not self-executing (Ex parte Wagner, 21 Okla. 33, 95 P. 435; Atwater v. Hassett, 27 Okla. 292, 111 P. 802); but were vitalized by subsequent legislative enactment. Pawhuska v. Pawhuska Oil & Gas Co., 28 Okla. 563, 115 P. 353.

The procedure to be pursued in connection with legislation of a general nature is outlined in section 5874, O. S. 1931, and therein the Secretary of State is made the arbiter in the first instance of the sufficiency of the petition, and his decisions are made subject to appeal to this court. The appeal so provided is, in effect, a transfer of the cause to this court wherein the proceedings thereafter had are in the nature of a trial de novo. In re State Question No. 215, Initiative Petition No. 145 decided Nov. 2, 1937, not yet released for publication. The Secretary of State has no authority to pass upon the constitutionality or validity of a proposed measure. Threadgill v. Cross, 26 Okla. 403, 109 P. 558; In re Initiative State Question No. 10, 26 Okla. 554, 110 P. 647. Under section 5887, O. S. 1931, the duties placed upon the Secretary of State in connection with initiative and referendum as to state legislation are imposed upon the chief clerk of a municipality in connection with municipal legislation, and therefore the chief clerk of such municipality cannot have or exercise

any greater authority in connection with the initiative and referendum in his province than can the Secretary of State in connection with general legislation. Neither is thereby precluded in the exercise of his duties from examining the petitions submitted to him to ascertain whether or not they conform on their face to the constitutional and statutory requirements. In the case of In re Initiative Petition in City of Okmulgee, 89 Okla. 134, 214 P. 186, this court expressly approved the action of the town clerk in sustaining objection to a referendum where it was contrary to the provisions of the charter of said city. In the case of In re Referendum No. 3 of the City of Claremore, Mendenhall v. Harrison, 85 Okla. 117, 205 P. 133, we inferentially held that the ordinance there involved was subject to referendum, since the record showed that the emergency clause had not received the requisite number of votes to effect its adoption. As pointed out in the case of Norris v. Cross, 25 Okla. 287, 105 P. 1000:

"The provision of section 1, art. 5, of the Constitution, reserving to the people the 'power at their own option to approve or reject at the polls any act of the Legislature' is modified and limited by sections 2, 3, 4, and 58 of said article, so as to apply only to acts which have not become operative."

From what has been said above, it follows that, without attempting to pass upon the constitutionality or validity of the proposed proceedings, the chief clerk of a municipality has authority to inquire whether the local legislation sought to be referred carries an emergency, and that when it has been ascertained that it does, to then declare the petition insufficient upon its face, since emergency legislation is expressly excepted from the power of the referendum. We are of the opinion that the town clerk proceeded properly upon the record presented to him, and without discussing the jurisdiction of this court as related to the jurisdiction of the town clerk, we affirm his finding.

This brings us to the question of whether the emergency clause attached to the ordinance in controversy was sufficient to render the ordinance immediately operative and therefore preclude a referendum. The petitioner urges that it does not, and in support of this contention relies almost exclusively upon the case of State ex rel. Hunziker v. Pulliam, 168 Okla. 632, 37 P.2d 417. Therein the action was one for mandamus, and it is apparent from a reading of the opinion that the ratio decidendi, in so far as the particular point under discussion is concerned, was based upon a construction of a provision

of the charter of Oklahoma City with respect to the requirements necessary to attach the emergency to an ordinance of that city, an entirely different situation from that presented here. If the theory of the petitioner is sound, that on a proceeding of this nature the town clerk has no jurisdiction to determine the constitutionality or validity of the emergency clause, and that this court on appeal is likewise so limited, then the question here sought to be presented in this connection would be improper, and any discussion thereof would constitute obiter dicta. Without expressly determining this question, we are of the opinion that the emergency clause adopted and above cited sufficiently met the requirements of section 5889, O. S. 1931, and was passed and adopted in the manner therein provided, and the ordinance upon its publication became immediately operative. Chickasha Cotton Oil Co. v. Rogers (supplemental opinion) 160 Okla. 164, 16 P.2d 112.

Since by virtue of section 2 of art. 5 of the Constitution, emergency legislation is expressly excluded from the operation of the referendum, we hold that the petition, therefore, was insufficient upon its face.

The protest is sustained.

OSBORN, C. J., and PHELPS, CORN, GIBSON, and DAVISON, JJ., concur.