**In re SUPREME COURT Adjudication on Sufficiency of REFERENDUM PETITION IN PONCA CITY, Oklahoma, CONCERNING ORDINANCE NUMBER 4478.**

No. 47635.

Supreme Court of Oklahoma.

Aug. 30, 1974.

Rehearing Denied Oct. 1, 1974.

Shears & Shears by Jack L. Shears, Jr., Ponca City, for proponents-respondents.

Grantham, Casey & Kirkpatrick by Charles W. Casey, Ponca City, for contestants-petitioners.

IRWIN, Justice:

The Board of Commissioners of Ponca City, Oklahoma, which has a municipal charter, enacted an ordinance numbered 4478 for the purpose of closing a public street. The ordinance contains a declaration of emergency.

A referendum petition was thereafter circulated and filed with the city clerk. Paul C. Poyner, and others, filed in this Court an original proceeding contesting the validity of the referendum petition.

Contestants first challenge the validity of the referendum on the grounds that Ordinance No. 4478, as adopted, contains a declaration of emergency and is not subject to referendum under 34 O.S.1971 § 53. Since this contention presents purely a legal question and will be dispositive of this proceeding if sustained, we will first consider this contention.

■ There are no provisions in the charter of Ponca City pertinent to this facet of referendum processes and the related statutes are consequently controlling.

■ Municipal legislation properly enacted incorporating a declaration of emergency is not subject to referendum process

and becomes effective immediately upon enactment, and approval by the executive officer. 34 O.S.1971 § 53. In re Referendum Petition No. 1, Town of Haskell (1938), 182 Okl. 419, 77 P.2d 1152.

In Haskell, the court considered whether the emergency clause attached to the ordinance in controversy was sufficient to render the ordinance immediately operative and therefore preclude a referendum. The court held that it was sufficient to meet the requirements of § 5889, O.S.1931, now codified in 34 O.S.1971, § 53.

There is no legal distinction between the declaration of emergency as considered in Haskell and the emergency contained in Ordinance No. 4478, now in controversy.

Proponents rely upon an earlier case, State ex rel. Hunzicker v. Pulliam (1934), 168 Okl. 632, 37 P.2d 417, 96 A.L.R. 1294. Hunzicker was discussed in Haskell, supra, and the court said that it is apparent from reading the Hunzicker opinion that it "was based upon a construction of a provision of the charter of Oklahoma City with respect to requirements necessary to attach the emergency to an ordinance of that city, an entirely different situation from that presented here."

The determination of existence of an emergency, in ordinances as well as statutes, is exclusively a legislative function, and is conclusive in judicial proceedings where its inclusion is not proscribed. In re Menefee, 22 Okl. 365, 97 P. 1014.

Since municipal legislation properly enacted incorporating a declaration of emergency is not subject to referendum [Haskell, supra], we hold the petition insufficient upon its face. This being so, contestants' challenges on other grounds are moot.

Application to assume original jurisdiction granted; contestants' challenge to the validity of the petition is sustained.

DAVISON, C. J., and LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.